## Stephen D. Hamblin v. Stephen Warner and another.

*Special finding : Conclusions of law : Errors that do not prejudice.* Error in the reasons assigned in the conclusions of law for giving judgment for defendants, where on a trial before the court without a jury a special finding has been filed, will not warrant a reversal of the judgment when the facts found are not sufficient to support a judgment for the plaintiff.

*Ejectment: Hostile possession : Finding of facts.* Upon such a trial of an action of ejectment a finding that defendants held adversely to the title set up by the plaintiff is essential to a recovery.

*Submitted on briefs July 17. Decided July 21.*

Error to Jackson Circuit.

The special finding of the circuit judge, referred to in the opinion was as follows:

"In this cause the plaintiff brings ejectment to recover the undivided two-thirds of the northwest quarter of the northwest quarter of section twenty-one, town four south, of range three west, in the county of Jackson, of which undivided two-thirds interest the plaintiff claims to be the owner in fee. The plaintiff's declaration is in the common form in ejectment, to which defendants pleaded the general issue. The cause came on to be tried by the court without a jury.

"From the evidence in the case I find the following facts:

"1. That one Martin Van Slyke died in the spring of 1848, and that at the time of his death he was possessed (under color of title) of the whole of the forty acres of land described in the plaintiff's declaration.

"2. That the said Martin Van Slyke, deceased, left surviving him, Delora Van Slyke, his widow, also three minor children, to-wit: Henry G., Phebe E. and Anna Van Slyke, now Anna Warner, one of these defendants,—the last three persons named being his heirs at law.

"3. That the parties, plaintiff and defendants, claim title to the land in question by descent from one and the same common ancestor, namely: Martin Van Slyke, deceased.

"4. That the plaintiff became the purchaser of the interest of two of the said heirs at law, to-wit: Henry G. Van Slyke and Phebe E. Hutchins, formerly Phebe E. Van Slyke, by deeds from them respectively, bearing date September 6, 1871, and July 31, 1872.

"5. That at the time of the commencement of this suit the defendants were in possession of the lands in question, as tenants of Delora Warner, formerly Delora Van Slyke, and widow of the said Martin Van Slyke, deceased.

"6. That the said Delora Warner, formerly widow of the said Martin Van Slyke, has, ever since the death of her said husband, the said Martin Van Slyke, had and held the continuous and uninterrupted possession of said lands, either in person or by her tenants, and that she still so holds the possession thereof.

"7. That the dower of the said Delora Warner, formerly Delora Van Slyke (as the widow of the said Martin Van Slyke), in and to said lands, has never been set off or assigned to her, or in any way disposed of by her.

"Conclusions of law upon the facts found:

"*First*, That the plaintiff and defendants are tenants in common of the whole of the lands in question, subject to the right of dower in the said Delora Warner, formerly Van Slyke.

"*Second*, That in order for the plaintiff to maintain this action (even for the purpose of determining the plaintiff's rights in the premises, which is all that is claimed by counsel on the argument), he ought to have made the said Delora Warner a party defendant in this suit, and not having done so, he cannot maintain this action, and the defendants must have judgment for their costs.—See *Hodson v. Van Fossen, 26 Mich., 68.*

"Let judgment be entered accordingly."

*Melville McGee,* for plaintiff in error.

*Higby & Gibson,* for defendants in error.

HAMBLIN *v.* WARNER.

PER CURIAM.

The plaintiff brought this action of ejectment to recover an undivided two-thirds of a forty-acre lot in Jackson county. The case was tried without a jury, and the court made a special finding of the facts, and set forth his conclusions of law, which were adverse to the plaintiff. Thereupon a general judgment was given in favor of the defendants, and against the plaintiff, and the latter brought error. He complains of the particular conclusions of law reported by the court as reasons for giving judgment.

Conceding that these reasons were erroneous, no fault of that kind can avail the plaintiff, unless it appears from the facts as found that he was entitled to judgment upon them. If the facts were not such as to entitle him to judgment, it was regular and lawful to award judgment against him, and he could not be regarded as prejudiced by any error in the reasons announced for the judgment. An inspection of the record shows that the facts found by the court were not sufficient to warrant a judgment for the plaintiff. In any view of the facts actually found, it was needful that it should be also found, in order to make out a case for the plaintiff, that the defendants held adversely to the title set up by the plaintiff, and there is nothing in the finding to show any hostile possession.

The judgment must therefore be affirmed, with costs, and the case must be remanded to afford a chance for a statutory new trial, if the parties should so desire.