SARAH M. PERKINS v. EMANUEL NUGENT.

*Case made—Exception to special finding—Ejectment not barred unless possession was adverse—Presumption of validity of tax-title—Assessments.*

A special exception to the conclusions of law, where the case is tried without a jury, and the judge makes a special finding, is sufficient, on case made, to raise the point that the facts do not support the judgment. Circuit court Rules 89 and 90.

Neglect to serve a statement of errors relied on in taking up a case made was overlooked by the court where the omission had not been complained of.

An action of ejectment is not barred after ten years occupancy by defendant if it does not appear that his possession was adverse to the plaintiff.

A proceeding against the validity of a tax-title on the ground that for a portion of the period covered by it a part of the lands in the same township had not been assessed, was not sustained where it did not appear that such lands were worth anything during that time, and it was shown, on the other hand, that certain classes of real estate were then exempt.

The presumption that a public officer had done his duty, applies to an assessor who has omitted lands from assessment, if the facts as shown do not exclude it.

Case made from Kent. Submitted November 10, 1880. Decided January 5, 1881.

EJECTMENT. Plaintiff had judgment below. Reversed.

*G. H. White* for plaintiff. Where exceptions are not based on objections and do not refer to the grounds therefor, there can be nothing before an appellate court on case made. *Tuxbury v. French* 39 Mich. 190; *Turner v. Grand Rapids* 20 Mich. 390; *Wilkinson v. Earl* 39 Mich. 626; *Campbell v. People* 34 Mich. 351; *Probasco v. Cook* 39 Mich. 714; *Turner v. People* 33 Mich. 363.

*Taggart & Wolcott* for defendant. The omission of lands from an assessment roll does not necessarily invalidate it. *Weeks v. Milwaukee* 10 Wis. 242; *Dean v. Gleason* 16 Wis. 1; *Smith v. Smith* 19 Wis. 615; *Williams v. School District* 21 Pick. 75; *Watson v. Princeton* 4 Met. 599; *Schofield v. Watkins* 22 Ill. 66; *Dunham v. Chicago* 55 Ill. 357; *Muscatine v. Railroad Company* 1 Dill. 536; Blackwell on Tax-titles 114 n. *b*; Cooley on Taxation 154.

GRAVES, J. This is an action of ejectment which the court tried without a jury and decided in favor of the plaintiff. The defendant asks a review on a case made. The plaintiff's counsel objects that the record fails to raise any point for the reason that no objections appear as a basis for the exceptions. This position is not tenable. The circuit judge made a special finding and the defendant specially excepts to the conclusions of law. The steps taken are

sufficient to entitle him to contend that the facts do not support the judgment. Rules 89 and 90 of the Circuit Court. The omission to comply with amended Rule 84 is not complained of, and as the court finds no difficulty in seeing what is relied on as error, it is thought best to consider the case.

The judge found that the plaintiff received a patent from the State on the 9th of October, 1850, for the land in question; that George H. White bought the premises at tax sales for the taxes of 1850, 1859, 1862, 1863, 1864, 1865 and 1866, and received deeds from the Auditor General in completion of the sales; that in October, 1859, Mr. White contracted the premises to the defendant, and the latter agreed to pay all taxes which should be assessed thereafter. The land was wild and unoccupied, and finally the defendant in August, 1866, took possession of it and enclosed it with a fence and has since continued in exclusive possession; that in July, 1868, White quitclaimed to defendant.

The suit was commenced in August, 1877. The defendant insists that under the finding the plaintiff was barred by the limitation of ten years prescribed by the second subdivision of section 7137 of the Compilation. It is a sufficient answer to this argument that there is no finding that the defendant's holding was adverse to the plaintiff. Some circumstances possessing value as evidence on the question are set forth, but the fact itself is neither affirmed nor negatived. For aught that appears the holding by the defendant may have been in harmony with the right asserted by the plaintiff. *Yelverton v. Steele* 40 Mich. 538; *Hamblin v. Warner* 30 Mich. 95. Of course a possession which is reconcilable with the right of the other party is not within the statute.

The second and remaining position is that in view of the facts found the defendant is entitled to judgment on the strength of the tax-title. It is unnecessary to advert to the facts on which the judge ruled against the deeds representing the sales for the taxes of 1850 and 1859. He found that in each of the remaining years from two to twelve parcels of land within the township, and which in previous years had been assessed, were omitted from the assessment roll, and in

connection with such finding observed: "No evidence was offered as to how these omissions came to be made. The bare fact was shown that they appeared on the face of the rolls, and I conclude from the foregoing facts that such omissions were through negligence rather than accident."

There is nothing further in the case to impugn the deeds given on the sales for taxes subsequent to 1859. The meaning of this finding and explanation is that as there was no evidence one way or the other the judge held an opinion that as a matter of law or of fact it was correct to impute negligence to the assessing officers and thereupon overturn the sale sof lands in that township for those years. It seems quite obvious that the opinion in question is not tenable. Whether if correct, it would be possible to use it as a finding of fact is not certain. During the years in question several classes of real estate was exempt, and amongst others certain lands held by the state and by cities, villages, townships and school-districts, and by library, benevolent, charitable and scientific corporations, and land occupied by houses of public worship.

There is no finding and there seems to have been no evidence that the omitted parcels belonged to the class of lands liable to be rated, and as the law itself made exemptions which for aught that appears may have covered all the parcels left out, there was nothing to warrant the observation that their being left out was due to negligence. It appears affirmatively in the finding as matter of fact that there was no evidence tending to prove it; and moreover the circumstances in point of law permitted a presumption that the assessors discharged their duty and hence that the parcels left out were omitted because it was proper to omit them. That in former years they had been rated either properly or improperly did not explain their condition and show that they were taxable in the years in question.

It is further noticeable that there is no finding that these lands possessed any known value in the years when they were not assessed, and the fact cannot be arbitrarily assumed here. If they were worthless, their omission was not important.

We think the court erred in ruling against the tax title aris-
ing on the sales for taxes after 1859 on the facts as found,
and that judgment ought to have been given for the defend-
ant.

Claims for valuations were filed under the statute, (Comp.
L. §§ 6252, 6253, amended in 1873 ; 1 Sess. Laws 1873, p. 472,)
and the circuit judge made the necessary findings on them.
But the view taken of the case leaves them without utility.

The judgment must be reversed and one entered here in
favor of the defendant with the costs of both courts.

The record will be remanded however to enable the plain-
tiff to proceed under the statute for a new trial as he may be
advised and as shall be agreeable to law.

The other Justices concurred.