## TOWNSHIP OF JASPER v. MARTIN.

1. HOMESTEAD—CONVEYANCE—DEEDS—SIGNATURE OF WIFE.
   The lease of a portion of lessor's homestead is void without the signature of his wife.

2. ADVERSE POSSESSION—LANDLORD AND TENANT.
   Possession of land under the void lease could not ripen into adverse possession, the user being not hostile but permissive.

3. SAME.
   A mere permissive possession, or one consistent with the title of another, however long continued, cannot ripen into a title by adverse possession.

4. DEDICATION—LEASE—HOMESTEAD.
   Although a portion of a person's homestead is leased to a township for municipal purposes, in consideration of one dollar rent, and subsequently occupied about thirty-six years by the township for a hall, in the absence of evidence of a parol gift or the wife's signature, a dedication cannot be implied.

5. ESTOPPEL—LANDLORD AND TENANT.
   Notwithstanding its invalidity, the lease recognized the title of the lessor by the agreement to pay rent, and estopped the lessee from disputing the agreement to pay.

6. EVIDENCE—ANCIENT DOCUMENTS.
   A lease found among old papers in the office of the township clerk, bearing no indicia of fraud, and not shown by evidence

to be fraudulent; executed thirty-six years previous to the institution of suit, may be treated as an ancient document the execution of which need not be proved.[1]

Appeal from Midland; Dodds, J. Submitted April 8, 1910. (Docket No. 45.) Decided May 8, 1910.

Bill by the township of Jasper against Robert H. Martin to quiet title to certain land. From a decree for complainant, defendant appeals. Reversed, and bill dismissed.

*Robert H. Lane*, for complainant.

*C. W. Giddings*, for defendant.

STONE, J. The bill in this cause was filed on December 26, 1908, to remove an alleged cloud upon, and to quiet the title of, the complainant township to the premises in question. The facts are not much in dispute. They are substantially as follows: On May 25, 1872, one William Murray was the owner in fee of the W. ½ of the W. ½ of the S. W. ¼ of section 21, in the township of Jasper. Said Murray at the time aforesaid resided upon the said 40 acres of land as a homestead with his wife and family, and he had been so living there for some years prior to said date. Said homestead at that time did not exceed in value $1,000. On or about said 25th day of May, 1872, the said William Murray met R. C. Martin, A. J. Bates, Thomas Martin, and A. J. Martin (the last four named persons probably composing the township board of said township) at some place in said township, and the following described instrument was drawn, and probably signed by the parties.

We say probably signed, for the reason that there was no satisfactory evidence that William Murray signed the paper; but as it was found among other old papers in the

---

[1] As to necessity of proving ancient document by subscribing witness, see note to *Garrett* v. *Hanshue* (Ohio), 35 L. R. A. 341.

office of the township clerk, and as there is no evidence or indicia of fraud, we think we should treat this instrument as an ancient document, and that proof of its execution may be well dispensed with. It is as follows:

"Know all men by these presents that William Murray of the town of Jasper in the county of Midland and State of Michigan of the first part, for the consideration herein mentioned does hereby lease unto the township of Jasper in the county and State aforesaid party of the second part and their assigns the following parcel of land to wit: ten rods square located in the southwest corner of section 21 in said township. With all the privileges and appurtenances thereunto belonging to have and to hold the same for and during of years the same shall be used for town purposes with the privilege to move or sell any building erected thereon. And the said party of the second part for themselves and their assigns do covenant and agree to pay the said party of the first part for said premises one dollar in full for rent, in testimony whereof the said parties have hereunto set their hands and seals this 25th day of May A. D. 1872.

"WILLIAM MURRAY,
"R. C. MARTIN,
"A. J. BATES,
"THOMAS MARTIN,
"A. J. MARTIN, Clerk,

"Township Board of the Township of Jasper.
"Signed, sealed and delivered in presence of

"WILLIAM HUNT.
"GEORGE SMOCK."

The said township agreed to pay the consideration or rent named, and at once went into possession of the premises described in said lease (the same being a part of said William Murray's homestead), cleared it, built a fence around it, and erected thereon a small frame building for a town hall for the use of said township, and said building continued to be so used and to remain on said premises, and was still on said premises when the bill of complaint was filed in said cause. On March 11, 1891, the said William Murray (his wife having died in the meantime) conveyed the said 40 acres to his daughter,

Deborah Murray. She conveyed the same to her brother, Thomas Murray, on the 5th day of March, 1894. Said last-named person on July 3, 1894, reconveyed the same to his said sister, Deborah Murray, and the said Deborah Murray, being then married to one George J. Bunker, on the 18th day of February, 1902, conveyed said 40 acres of land for an expressed consideration of $1,600 to the defendant herein, in which said deed her husband, George J. Bunker, joined. All of said deeds, from William Murray down to and including the said deed to the defendant, were warranty deeds, and were all made without any exception of the lands described in said lease; said lease not being referred to in any of said deeds. All of said deeds were duly recorded in the office of the register of deeds of said county.

The defendant has lived in said township of Jasper since early boyhood, and he was 47 years old at the time of the hearing of this cause, which was in the month of April, 1909. He knew where the town house stood when he bought the premises above described, but he did not know under what terms or arrangement the township was occupying the house or premises. Soon after the purchase of said 40 acres by the defendant, he went to the township board to ascertain by what right, if any, the township was occupying the said 10 rods square, and he was informed by members of said board that they did not know. He then asked the board to look the matter up, saying that he was a poor man, and that, if the township had no right there, he would like a little rent. The board, on examination of the records, was unable to find any papers or records showing any right in the township to the premises. Matters remained in this condition until the fall following, when the board interviewed the defendant, and asked him what rent he would charge the township for the premises in question, and the defendant replied that he would leave it to the supervisor. Afterwards, and on June 26, 1903, the defendant, at the request of the township board, entered into a written lease with said

township, whereby he leased to it the premises so occupied by said township for its town hall for a period of three years, from and after April 15, 1903, at an annual rental of $10, which amount was paid by said township to the defendant. At the expiration of this lease, at the request of said township board, another written lease was entered into by defendant and said township for said premises for a period of two years longer, at the same rental, which was paid by said township to the defendant. At the expiration of the last-mentioned lease, and at the request of the township board, the defendant entered into an oral lease of said premises for one year at the same annual rental, which rental was paid by said township to defendant. Under said oral lease (which did not expire until April 15, 1909) the said township of Jasper was occupying the premises in question at the time of the filing of the bill in this cause. It is undisputed that the defendant knew nothing of the existence of the instrument (Complainant's Exhibit 1), or of the claim of the township thereunder, until after this suit was brought. Such instrument or lease had been found by the township clerk about two years before the hearing of the cause. The leases above referred to as having been made between the defendant and said township were all made in pursuance of a resolution of the township board.

The cause, being at issue by the filing of a general replication to the defendant's answer, was heard upon the admitted facts and the testimony taken in open court. The position of the complainant was stated by its solicitor at the hearing:

"We come into a court of equity, and ask a decree that we shall have the use of that property so long as used for township purposes under the lease; and, if the court should find the lease was not good, we ask a decree for title to the land under adverse, actual, and hostile possession."

The circuit judge decreed that the right of possession, title, ownership, and fee in the said premises were and

should be in and belong to the complainant, and, further, that defendant should repay to the said township the $60 received for rent, and that the said defendant should pay the costs.   The defendant appealed.

In our opinion, to state this case is to decide it.   Under the statement of the case we must hold:

1. That the lease of a part of the homestead by William Murray without the signature of his wife was absolutely void.  *Mailhot* v. *Turner,* 157 Mich. 167 (121 N. W. 804); 15 Am. & Eng. Enc. Law (2d Ed.), p. 674, subd. 4; *Maatta* v. *Kippola,* 102 Mich. 116 (60 N. W. 300); *Lott* v. *Lott,* 146 Mich. 580 (109 N. W. 1126, 8 L. R. A. [N. S.] 748).

2. It is undisputed that the complainant entered into possession of the premises under the lease, and the fact that the lease was void, because of the infirmity above stated, would not make the holding of the complainant hostile.   The complainant entered into possession of the premises by the consent of the owner, to whom it agreed to pay the rental named.   Such holding and occupancy could not in a hundred years ripen into an adverse holding, and the complainant would be equitably estopped from so claiming.   1 Cyc. p. 1059.   A mere permissive possession, or one consistent with the title of another, however long continued, can never ripen into a title by adverse possession.   *Perkins* v. *Nugent,* 45 Mich. 156 (7 N. W. 757); *Smeberg* v. *Cunningham,* 96 Mich. 378 (56 N. W. 73, 35 Am. St. Rep. 613); *Butler* v. *Bertrand,* 97 Mich. 59 (56 N. W. 342); 1 Am. & Eng. Enc. Law (2d Ed.), p. 794, and note, citing more than 50 cases from the courts in this country.   As Chief Justice Marshall said in *Kirk* v. *Smith,* 9 Wheat. (U. S.) 241, 288:

" It would shock that sense of right which must be felt equally by legislators and judges, if a possession which was permissive, and entirely consistent with the title of another, should silently bar that title."

That possession was taken here in recognition of Murray's title cannot be questioned.   *Menter* v. *First Bap-*

*tist Church,* 159 Mich. 21 (123 N. W. 585). There is no evidence of a repudiation of the tenancy in this case.

3. It appears by the testimony of the township clerk that he first saw the lease (Complainant's Exhibit 1) about two years before he gave his testimony; that he found it among some old papers in the office. Yet with knowledge of the existence of this paper the township authorities made the last lease with defendant and paid the rental, which lease was in force when the bill of complaint was filed. Such conduct is hardly consistent with good faith.

We cannot agree with complainant's contention that there was here a dedication of the land to the public. If there were such dedication, without the signature of the wife, it would be unavailing. In *Greenwood* v. *School District,* 126 Mich. 81 (85 N. W. 241), cited by complainant, there was no homestead question involved. There was here no parol gift, as was the case in *Schafer* v. *Hauser,* 111 Mich. 622 (70 N. W. 136, 35 L. R. A. 835, 66 Am. St. Rep. 403). It was a void lease, but there was recognition of the lessor's superior title by the agreement to pay rent. Complainant is estopped from saying it did not agree to pay such rent. Such holding cannot ripen into a hostile holding. It entered as a tenant, and not as owner.

In our opinion the complainant has no standing in this case. The decree below is reversed, and the bill dismissed, with costs of both courts to the defendant.

MOORE, MCALVAY, BROOKE, and BLAIR, JJ., concurred.