RODGERS *v.* BECKEL.

1. QUIETING TITLE—DEMURRER—EQUITY.
   Complainant's bill to quiet title to land held by his intestate under a land contract which he averred had been fully paid up, defendants claiming no interest therein, also charging that decedent had been in possession adversely for upwards of twenty-five years prior to the filing of the bill, could not be sustained on demurrer as a suit to quiet title; averments of some claim or hostile interest being essential.

2. SAME—LIMITATION OF ACTIONS.
   Defendants' contention on demurrer that complainant's claim was barred by the statute of limitations could not be sustained in the face of averments of possession and payment.

3. SPECIFIC PERFORMANCE — LIMITATION OF ACTIONS — LACHES — EQUITY.
   In suits for specific performance, while courts of equity have

regard to statutes of limitation, and by analogy are inclined, as a general rule, to conform therewith, when applying the rule of laches, they are not conclusive and are often disregarded.

4. VENDOR AND PURCHASER—ADVERSE POSSESSION.
    The possession obtained under a land contract, being permissive, cannot ripen into an adverse holding.

5. SAME—SPECIFIC PERFORMANCE—LACHES.
    If the vendee of real property takes and retains possession of the premises with the vendor's consent, and makes payment therefor, mere delay in bringing suit, however long continued, will not defeat his remedy by specific performance, unless special conditions intervene or the execution of the agreement has become inequitable.

6. SAME.
    A demurrer should have been sustained where the bill of complaint was contradictory, was wanting in specific averments, failed to allege that defendants owned, claimed or ever had title to the land in question, and omitted to show the present condition of the title.

Appeal from Kent; Brown, J. Submitted June 17, 1912. (Docket No. 106.) Decided November 8, 1912.

Bill by Harry E. Rodgers as administrator of the estate of Flora A. Yates, deceased, against Susan H. Beckel and others for specific performance, accounting, and other relief. From an order overruling a demurrer to the bill of complaint, defendants appeal. Reversed.

*Rodgers & Rodgers*, for complainant.

*Gleason & Lee* and *Gottschall & Turner*, for defendants.

STEERE, J. This is an appeal from an order of the circuit court of Kent county, in chancery, overruling defendants' demurrer to complainant's amended bill filed to perfect title to a certain tract of land in said county. The original bill of complaint was filed July 21, 1910. Defendants were either nonresidents or their residence unknown,

and, on proper showing, by affidavit, an order of publication was made. Before the expiration of said order, defendants appeared and moved the court to set the same aside, which was done and a general appearance was entered by defendants. Thereafter, on March 28, 1911, complainant filed an amended bill, to which defendants demurred on various grounds, appealing from the decision of the court overruling the same as stated.

The original bill alleges: That on June 12, 1883, Susan H. Beckel, of Dayton, Ohio, was the owner of a certain described 40 acres of land in Kent county, Mich., and on that day sold the same on contract, by her authorized agent, N. B. Hill, to Millard E. Yates for the sum of $600, receiving $100 down, the balance to be paid at the rate of $100 annually, with interest at 7 per cent.; that immediately on delivery of said contract, said Yates went into possession of said land; that he and his wife, Flora A. Yates, as his subsequent grantee, continued thereafter in open and peaceful possession of the same, claiming ownership, until the death of said Flora A. Yates, paying all taxes assessed against said land, and greatly increasing the value thereof by clearing and improving the same; that said Millard Yates deeded said property on October 5, 1905, to his said wife, Flora, who died leaving an indebtedness, including funeral expenses, of over $200, and insufficient personal property to pay the same; that complainant, a creditor, was duly appointed administrator of her estate; that her debts cannot be paid except from said real estate; that said Susan H. Beckel died some number of years ago, leaving as heirs at law Charles B. Beckel, of Dayton, Ohio, and Susan H. Beckel, Mary G. Beckel, Fannie (Beckel) Conklin, and Anna (Beckel) Huffman, whose residences are unknown. It is also alleged on information and belief that Charles B. Beckel, of Dayton, O., has had charge and management of the said Susan H. Beckel estate, and that complainant caused a letter to be written to him on June 23, 1910, asking if the heirs of said Susan H. Beckel made any claim to said real estate,

and if they would quitclaim their interests in said property to complainant as administrator; that complainant is informed and believes payments were made upon said land from time to time, but whether in full or not he is unable to learn; that he is informed and believes nothing has been paid within the last 15 years, and that no claim has been made on the part of said Susan H. Beckel or any of her heirs in the last 15 years that any money was due on said contract. The bill prays for an answer, without oath, that defendants be decreed to convey said land to complainant as administrator, and if the court find that defendants have any interest in the same an accounting may be had, and if anything is found due, complainant be permitted to pay the same and a decree be entered for a deed from defendants upon such payment.

The amended bill is substantially the same as the original, except it alleges the possession under claim of ownership was adverse, that Susan H. Beckel died in Dayton, Ohio, March 9, 1890, fails to allege that she was ever owner of the land in question, alleges on information and belief that the purchase price was paid in full more than 20 years prior to the death of said Flora Yates; that Susan H. Beckel in her lifetime, and defendants since, have neglected and refused to convey said property according to the terms of the contract; that neither said Susan H. Beckel nor any of said defendants have, within the last 25 years, made any claim there was anything due on said contract, or brought action to recover possession, or attempted to make entry thereon. Answer under oath is demanded, no offer is made to pay any sum found due, and prayer for an accounting is omitted. Decree for conveyance is asked, in default of which it is prayed that the decree, when properly recorded, shall operate as a conveyance. The bill also contains a general prayer for relief.

Defendants set up 16 separate grounds of demurrer, some special and ultra technical; others, more general and comprehensive, directed against the merits and equities of the bill as a whole. Epitomized they are as follows:

Unexcused laches for 25 years; statute of limitations; title to contract and right of action, if any, in Millard E. Yates and not in complainant; no allegation Mrs. Beckel or her heirs ever owned the land or made claim thereto; allegations of amended bill repugnant to substantive allegations of original bill; new controversy; adequate remedy at law; no offer to pay if anything found due; no allegation Mrs. Beckel died intestate, or that defendants have any title to or interest in the contract or the land, or have ever made any claim thereto; inconsistent claim of adverse possession for twenty-eight years.

Complainant's bill presents a somewhat double aspect, inconsistently alleging possession taken and held under a land contract and full performance of that contract on his part, entitling him to specific performance by defendants, and also adverse possession ripening into a title under which it is claimed the bill should be maintained as one to quiet title. Counsel say:

"This bill could be maintained under section 448 of Miller's Comp. Laws providing for quieting titles in courts of chancery. This court in passing upon this statute has held the object is to reach cases like the present."

In this case there is no allegation that defendants make, or have set up, or are "setting up a claim thereto in opposition to the title claimed by complainant." The contrary appears from the language of the bill. Counsel for complainant, in confirmation of this, state in their brief:

"The complainant is not seeking to take anything from the defendants that they have in their possession, or have had in their possession, or that they, prior to the filing of the bill in this case, made any claim to."

A bill to quiet title cannot be successfully launched against defendants not charged and shown to hold or claim any title or interest in the property involved. The only recognizable equitable allegations to be traced in complainant's bill tend to mark it as a bill for specific performance of contract. The story told, much of it on

information and belief, is that 28 years before the bill was filed a contract for the sale of this land was given Millard E. Yates by Mrs. Beckel, through her agent, $100 paid on the contract, and possession taken of the property, which has been maintained since, under claim of ownership by Yates and his successors, who made improvements on and greatly enhanced the value of the same; that Yates quitclaimed his interest to his wife; that his wife is dead and Mrs. Beckel is dead (we are not advised as to what became of Yates and Hall, the agent, between whom the contract was negotiated); that the contract price was fully paid; that no claim of any kind, either to the land or for payment, has been made by Mrs. Beckel or her representatives for more than 25 years; that she died in Dayton, Ohio, leaving certain heirs; that a letter was written to one of them on the subject. What answer, if any, was made to such letter, is not stated. By the terms of the contract it should have been fully paid and Yates entitled to a deed in 1888. The bill alleges full payment was made 20 years prior to its filing. Yates' right of action to enforce specific performance would arise when full payment was made. Counsel on each side seek to make against the other a somewhat strict and technical application of the statute of limitations. It is argued by complainant that it required 15 years after 1888 to bar defendants' right of entry; that the statute of limitations would not run against Yates' right of action until their right of entry was barred, and that this suit was begun only "seven years and one month after the statute had barred defendants from making entry or claiming any right under the land contract;" that, defendants not having attempted to make entry or claimed any rights under the contract for more than 25 years, they are now barred by the statute from doing so.

It is argued by defendants that the allegations in complainant's bill on their face raise the statute of limitations against him, and in this State a general demurrer will lie where such infirmity appears on the face of the pleading;

no explanation or excuse being stated in extenuation. In that connection it is not to be overlooked that payment and possession are alleged.

In suits for specific performance, while courts of equity have regard to statutes of limitation, and by analogy are inclined, as a general rule, to conform therewith when considering and applying the doctrine of laches, they are by no means absolutely conclusive and are often disregarded. Laches may be declared to be a bar long before the statute has run, or, where equitable reasons for delay have been shown, relief may be granted at a time beyond the statutory period.

Under complainant's allegations of purchase, possession taken under such purchase, and continuously maintained since, and full payment of the purchase price, the statute of limitations becomes of minor significance either way, and his claim of adverse possession is wholly untenable.

"Such holding and occupancy could not in a hundred years ripen into an adverse holding and the complainant would be equitably estopped from so claiming." *Township of Jasper* v. *Martin*, 161 Mich. 336 (126 N. W. 437, 137 Am. St. Rep. 508).

On the other hand, it is well settled, as applied to the remedy of specific performance, that, if the vendee of land takes and retains possession of premises with the vendor's consent and makes payment therefor, mere delay in bringing suit, however long continued, will not defeat his remedy, unless special conditions have intervened and the relations of the vendor to the land have so altered that a specific execution of the agreement becomes impossible or inequitable. Pomeroy on Contracts, § 404; Waterman on Specific Performance of Contracts, § 468; 36 Cyc. p. 732. The principles applicable to such a case are very succinctly stated in an opinion written by Justice Tucker in the early case of *Williams* v. *Lewis*, 32 Va. 686. Williams filed a bill in 1822 for specific execution of a land contract made with Lewis' father in 1774. Williams had been in possession of the premises since the

latter date, and had paid for same by surrendering certain claims to other property. The court said:

" Still less does it become him or them, to set up the defense of the length of time in bar of this equitable title. It is not admissible on the part of a vendor against his vendee. The relation in which they stand to each other forbids it. The former is a trustee for the latter; and the trust can never be determined but by a conveyance of the title. The vendor can never be permitted to set up his own omission to make a deed, against the right of the vendee to demand one. Yet less can he invoke the aid of those cases, which discountenance the assertion of a stale equity, by a party out of possession, against an adversary claimant in possession. For here Williams has been in continued and uninterrupted possession from about the year 1774 to the present day; in the peaceful enjoyment of this equitable right, which has thus acquired strength by the lapse of time and acquiescence, instead of being weakened and impaired. If, indeed, we could look upon the parties in the light of adverse claimants, Williams' possession alone would sustain him in a writ of right. But, as he is in fact a claimant under Lewis, he could not at law be permitted to defend himself, as an adverse claimant, by the statute of limitations. It is, then, but just that in this court the same relation should protect him from a similar defense on the part of Lewis."

This bill of complaint is, however, in its present form contradictory, wanting in specific allegations and averments and clearly demurrable. It does not state a cause of action against these defendants in law or equity. It makes claims by contract rights and by adverse possession. It fails to allege that defendants ever owned, held title to, or claimed the land in question. It is silent as to the present condition of the record title, and does not show that Susan H. Beckel ever owned or held any title to the property, except as the fact might be surmised from her having, through her agent, contracted to sell it. No liability or obligation under the contract could attach to defendants except as traced through title to, or interest in, the land as her heirs.

"The bill must show such a relation of defendants to

the subject-matter as to charge them with liability, or some interest in the subject-matter which will be affected by the decree." 16 Cyc. p. 235.

We are of opinion that the demurrer should be sustained. The order overruling the same is reversed, with costs, and the case remanded with leave to file an amended bill within 30 days.

Moore, C. J., and McAlvay, Brooke, Stone, Ostrander, and Bird, JJ., concurred.