GATES v. SEBALD.

EASEMENTS—ADVERSE POSSESSION—PARTNERSHIP — JOINT OWNER-SHIP—STAIRWAYS.

Where partners owned two store buildings with a stairway between, and, on dissolving partnership, they divided the property into two parcels, reserving to each the use in common of the intervening hall and stairway, they created a mutual easement in the land occupied thereby, so that the use of the premises was permissive, not adverse, and neither party could gain title by adverse possession.

Appeal from Lenawee; O'Mealey, J. Submitted April 10, 1914. (Docket No. 20.) Decided June 1, 1914.

Bill by Julia M. Gates and others against M. G. Sebald and another for injunction and other equitable relief. From a decree for defendants, complainants appeal. Affirmed.

*Fellows & Chandler*, for complainants.

*Willard M. Cornelius* and *B. L. Hart*, for defendants.

McAlvay, C. J. Complainants filed this bill claiming to own a certain strip of land in the village of Morenci, Lenawee county, Mich., next adjoining on the east to the premises of defendants, where defendants were proceeding to erect a certain building, and to make excavations for the basement walls and foundations of such building, whereby they were encroaching 2 feet upon complainants' premises, who seek to enjoin such encroachment and trespass and establish their title to such strip of land. A temporary injunction was issued according to the prayer of the bill. Defendants answered, denying complainants' right and title to the strip of land in question. An issue was joined, and a hearing of the cause had before the court, which resulted in a finding and decree that complainants had "not sustained their claim of title by adverse possession to" the strip of land 2 feet in width in dispute, and dismissed the bill of complaint, with costs to defendant. Complainants have appealed from such decree.

The material facts in the case, except the matter of adverse possession of this strip of land by complainants, are not in dispute. The facts necessary to be stated are that these adjoining properties are located in the village of Morenci, fronting on Main street, which runs east and west; the west line of the west lot being the east line of North street, which runs north and south. The size of the two parcels of land is 48 feet fronting on Main street and 60 feet in depth along North street.

The two buildings, which were erected years ago on this entire description, were destroyed by fire in the year 1912. The westerly building, which fronted on Main street, and the west line of which extended 60 feet along the east line of North street, is known as the Mace building, and was built in 1855 upon the west half of the above description. This building was 22 feet wide on Main street. The lot was 24 feet wide.

A narrow stairway occupied the east 2 feet, by means of which access was had to the second and third stories.

The building on the east was built by Mr. Gates, from whom the title of complainants is derived, about two years after the Mace building. The east line of defendants' east wall extended to the east line of this property. Defendants' west wall was built 22 feet from its east line, built of brick 8 inches thick from the foundation in the basement to the ground floor, and from the ground floor to the roof each story of it was built of studding 8 inches thick, covered with lath and plaster.

The 4 feet between the east wall of the Mace building and the west wall of the Gates building was occupied by a stairway, the foot of which began about 15 feet back from the front entrance on Main street to the landing on the second floor, and from this landing the second flight ran to the third floor landing, which extended back to the north wall of the building. This stairway was built for the use of all the tenants who occupied the second and third floors of both buildings, which were each three stories high, with a basement. The roof and front and rear walls of the Gates building extended to and joined the east wall of the Mace building.

These buildings, at or about the time the Gates building was constructed, became the property of and were occupied by a copartnership, known as W. R. Gates & Co., which consisted of William R. Gates, Waddell A. Mace, and George Acker, Jr. The basement in both buildings and the first floors were occupied by said firm in the conduct of their business, and the second and third floors were occupied by their tenants continuously from that time until the dissolution of said partnership, which occurred in 1872. When the partnership was dissolved, this property was acquired by two of the partners by deeds dated

November 23, 1872, by which Mr. Mace took the west 24 feet and Mr. Gates the east 24 feet of these premises, with the written condition in the deeds to each of them that the hall and stairway on the east side of the premises deeded to Mr. Mace and the west side of the premises deeded to Gates were to be used in common and kept in repair by the owners thereof. The record shows that, from the time the second building was built, in the year 1858, up to the time the buildings were destroyed by fire, in 1912, this hallway and stairs between the buildings were so used, occupied, and kept in repair by the owners.

Complainants claim title by adverse possession to the east 2 feet of defendants' lot, except the south 15 feet of said strip, claiming that they and their predecessors in title have for many years last past been in the open, exclusive, and hostile possession and occupancy of the same, to the exclusion of all other persons; that in the basement they have occupied all of said strip up to the east basement wall of the building which stood upon defendants' land, and in like manner have occupied for the same length of time the space under the stairway on the ground floor; and that by such adverse user have acquired title thereto.

On the part of defendants it is contended that, during all the time that complainants claim to have been acquiring this strip of land by adverse possession, it has all been occupied and used by defendants' predecessors in title continuously and jointly with complainants, without interruption, and that the occupation of the same by complainants has not been and could not be a hostile and adverse possession.

The record shows, as already stated, that when the copartnership of W. R. Gates & Co. was dissolved, this property which was owned by them was divided, and deeds were duly executed, the west half to Mace, and the east half to Gates. Each of the deeds mentioned contained the following agreement:

"With the understanding that the hall and stairway on the east side thereof is to be used in common, and that the stairs be occupied and repaired by the owners of the same."

The only difference in such agreements being that the deed to Gates of the east 24 feet of these premises describes "the hall and stairway on the west side of the premises."

Defendants in this case have succeeded, by different conveyances, subject to this same condition, to the premises deeded to Mr. Mace. Complainants are the successors in title to the premises deeded to Mr. Gates through his will. It is apparent that, by these conveyances made by the predecessors in title of both parties to this suit, an easement was created in the 4 feet of land occupied by this hallway and these stairs for the mutual use and benefit of the grantees in such deeds and their successors in title for the joint and mutual use of such hallway and stairs, and, as already stated, such joint and mutual use was continued until the buildings were destroyed by fire, in 1912.

The question arises whether either of the grantees in such deeds, or their successors, could acquire title to the 2-foot strip of land reserved in such deeds by adverse possession. The fundamental principle upon which adverse possession may be based is that it must be a hostile possession. It cannot be possible that any use or occupation of any portion of these strips of land by either of the parties under these deeds, while both were in the exercise of the rights given to them under this easement, could be or was hostile to the other. Such a condition is repugnant to the terms of the instruments under which they occupied. This is fundamental and axiomatic. Whatever use the complainants and their predecessors in title made of said disputed 2-foot strip was a permissive user. *Township of Jasper* v. *Martin,* 161 Mich. 341 · (126

N. W. 437, 137 Am. St. Rep. 508). In which case appears the following quotation from an opinion of Chief Justice Marshall:

"It would shock that sense of right which must be felt equally by legislators and judges, if a possession which was permissive, and entirely consistent with the title of another, should silently bar that title." *Kirk* v. *Smith*, 9 Wheat. (U. S.) 241, 288.

We concur in the opinion of the trial court "that the proofs in the case do not sustain the claim of title by adverse possession made by the complainants to the strip of land mentioned and described in the bill of complaint."

The decree of the circuit court is affirmed, with costs to defendants.

BROOKE, KUHN, STONE, OSTRANDER, MOORE, and STEERE, JJ., concurred. BIRD, J., did not sit.