## JAMES M. KING V. ALFRED WELBORN ET AL.

*Homestead—Premises occupied for hotel purposes—Tenancy in common.*

1. The homestead exemption secured by How. Stat. § 7721, may be claimed in premises occupied by the owner *exclusively* for hotel purposes, if his family reside therein and have no other residence or home.

2. Where a land-owner constructs his house, which he occupies as a homestead, upon two lots, he is not thereby deprived of his statutory exemption. If the property comprising the homestead is worth more than $1,500, the statute provides a way by which he may receive the value of his exemption, and his creditors the remainder to apply on his debts.

3. A *verbal* promise to give a security cannot create a mortgage lien upon the homestead of the promisor.

4. The following general propositions are summarized from the opinion of Mr. Justice GRANT:

   *a*—It is well settled in this State that a homestead can be claimed by a tenant in common; citing *Shepard v. Cross*, 33 Mich. 98; *Lozo v. Sutherland*, 38 Id. 168; *Sherrid v. Southwick*, 43 Id. 518; *Tharp v. Allen*, 46 Id. 389; *Cleaver v. Bigelow*, 61 Id. 47; *Kruger v. LeBlanc*, 75 Id. 424.

   *b*—A homestead can be claimed upon premises used partly for business purposes and partly as a dwelling; citing *Orr v. Shraft*, 22 Mich. 260; *Skinner v. Shannon*, 44 Id. 87; *Stanton v. Hitchcock*, 64 Id. 328.

Appeal from St. Joseph. (Loveridge, J.) Argued October 30, 1890. Decided November 14, 1890.

Bill to foreclose a mortgage. Defendant Welborn appeals from an order directing the payment to the petitioner, defendant Pratt, of one-half of the surplus realized on a sale of the premises. Affirmed. The facts are stated in the opinion.

*S. M. Constantine*, for petitioner.

*Howell, Carr & Barnard,* for appellant, contended:

1. When property is principally and chiefly used as a hotel or for business purposes, it would be doing violence to the statutes to regard it as a homestead; citing *Laughlin v. Wright,* 63 Cal. 113; *Green v. Pierce,* 60 Wis. 372; *Geney v. Maynard,* 44 Mich. 578; *Philleo v. Smalley,* 23 Tex. 498.

2. In determining whether a building claimed as a homestead is exempt as such, the question is whether its principal use is that of a residence for the debtor and his family, and especially whether in its architecture it was designed exclusively or properly as a residence; citing Thomp. Home. § 137; *Dyson v. Sheley,* 11 Mich. 528; *Rhodes v. McCormick,* 4 Iowa, 374; *Ackley v. Chamberlain,* 16 Cal. 183; *Gregg v. Bostwick,* 33 Id. 228; *Mann v. Rogers,* 35 Id. 319; *In re Noah,* 73 Id. 590.

3. While it has been held that homestead rights may be acquired in property owned in common, those were cases where the property claimed was confined to the statutory amount and character, and where the owners were either husband and wife or parent and child.

GRANT, J. Upon the foreclosure of a mortgage executed by the defendants April 6, 1882, the surplus in excess of the amount due, including costs, was $1,375.50. Defendant Jacob A. Pratt thereupon filed a petition claiming one-half of this amount, and asking that it be decreed to him. The defendant Welborn answered said petition, and interposed two objections to petitioner's claim:

1. That he owned the land by virtue of a sheriff's sale upon execution, and deed in pursuance thereof.

2. That he holds an equitable lien upon the fund as against the petitioner.

The defendants Alfred Welborn and Jacob A. Pratt were tenants in common of the premises, which are described as lots 1 and 2 in block 48, and also lot 21 in block 49½, in the village of Three Rivers. Upon lots 1 and 2 was a three-story building used as a hotel, and a two-story wooden building in the rear used as a dwelling-house, and a barn upon lot 21 used in connection with the hotel. They

and their wives executed the mortgage in question. Welborn leased to Pratt his undivided half of the premises for an annual rental. Pratt, his wife and daughter, carried on the hotel from 1882 till the property was sold upon the mortgage, in 1889. They lived in the hotel, had no other residence or home, and no land or other property out of which to construct a homestead. When the sheriff levied upon the property, defendant Pratt gave him a verbal and written notice that he claimed a homestead in it. This claim was disregarded, and the property sold by the sheriff without any regard to the homestead. The rights of the parties have, by the foreclosure sale, been transferred from the land to the money realized upon the sale in excess of the amount due. If the petitioner had homestead rights, then the execution sale was void, and he is entitled to one-half the surplus, which was accorded to him by the decree of the court below. His right to a homestead is denied, because it is claimed that the property was of such a character and description as not to permit homestead rights being claimed therein.

It is well settled in this State that a homestead can be claimed by a tenant in common. *Shepard v. Cross,* 33 Mich. 98; *Lozo v. Sutherland,* 38 Id. 168; *Sherrid v. Southwick,* 43 Id. 518 (5 N. W. Rep. 1029); *Tharp v. Allen,* 46 Id. 389 (9 N. W. Rep. 443); *Cleaver v. Bigelow,* 61 Id. 47 (27 N. W. Rep. 851); *Kruger v. Le Blanc,* 75 Id. 424 (42 N. W. Rep. 853). It is equally well settled that a homestead can be claimed upon premises used partly for business and partly as a dwelling. *Orr v. Shraft,* 22 Mich. 260; *Skinner v. Shannon,* 44 Id. 87 (6 N. W. Rep. 108); *Stanton v. Hitchcock,* 64 Id. 328 (31 N. W. Rep. 400). Any reference to the authorities of other states upon these points is unnecessary.

But it is insisted that this building was occupied by petitioner and his family for the sole purpose of con-

ducting a hotel, and that therefore no homestead right attached. We cannot agree with this contention. The adoption of this doctrine would be in plain defiance of the statute, and render it nugatory as to those engaged in the business of hotel keeping. The benefits of this statute are to be secured to all owners of land which they occupy with their families, and who have no other home. There is no intent apparent anywhere to exclude the families of hotel keepers from the benefits of the act. Of the authorities cited by counsel for defendant Welborn, only one contains language which can be construed into a support of their position, viz., *Laughlin v. Wright*, 63 Cal. 113. The language of that decision must, however, be construed with reference to the facts. The declaration claiming a homestead was made May 25, 1874. In August, 1874, the defendant Wright and his family left the hotel, put it in other hands, and resided elsewhere. But if it should be found to fully sustain defendant's contention, we cannot adopt it as the law of this State.

In *Green v. Pierce*, 60 Wis. 372 (19 N. W. Rep. 427), the defendant, who claimed a homestead right, owned only a leasehold interest in the premises, and by the very terms of his lease it was provided that the premises should be used only as a hotel and eating-house, and upon this ground alone the right to the homestead was denied.

Defendant also insists that the statutory homestead is limited to one lot, and that this property covered two lots; hence, that no homestead could be claimed without a selection and designation of some portion as such. This is too narrow and technical a construction to place upon this beneficial statute. One who has constructed his house, which he occupies as a homestead, upon two lots, is not thereby to be deprived of his exemption. If

the property comprising his homestead is worth more than $1,500, the statute provides a way by which he may receive the value of his exemption, and his creditors the balance to apply on his debts.

Defendant Welborn also claims that he has an equitable lien upon this money, because he says that Pratt promised to secure him by a mortgage upon the hotel property for debts due him from Pratt; that at the time they purchased the hotel property, each taking an undivided one-half, he (Welborn) paid a part of a mortgage given by Pratt, secured the balance, and discharged a mortgage which he himself had upon certain other hotel property; and that Pratt then promised that he would secure him by mortgage upon the hotel property in question at any time he felt insecure or wanted it. This claim is expressly denied by both Mr. and Mrs. Pratt, and we find nothing in the record to show a preponderance of evidence in favor of Welborn. But, aside from this, a verbal promise to give security cannot create a mortgage lien upon the homestead. Such holding would be in direct violation of the statute.

The decree of the court below, giving one-half of the surplus to the petitioner, must be affirmed, with costs of both courts.

The other Justices concurred.