(January 26, 1899.)

## KIESEL v. CLEMENS.

[56 Pac. 84.]

HOMESTEAD—RESIDENCE—OCCUPANCY BY FAMILY AS A HOME.—The fact that the homestead is occupied in whole or in part as a hotel does not deprive it of any of the benefits or immunities prescribed by the statutes, so long as it is used and occupied by the owner as a home and residence of himself and family, and is within the limitations of the statute as to value. Occupancy as a residence, and value, are the only limitations placed upon the homestead by the statutes of Idaho.

(Syllabus by the court.)

APPEAL from District Court, Bannock County.

S. C. Winters and Hawley & Puckett, for Appellant.

Admitting, for the sake of argument, that at the time the declaration of homestead was filed that the said defendant Clemens was using the premises as a hotel, still we claim that

under our statute it was subject to homestead. Section 3035 of the Revised Statutes of Idaho defines a homestead to "consist of the dwelling-house in which the claimant resides and the land on which the same is situated, selected as in this title provided." (*Heathman v. Holmes,* 94 Cal. 291, 29 Pac. 404.) The only tests are use and value. (*Gaylord v. Place,* 98 Cal. 472, 33 Pac. 484; *Kennedy v. Gloster,* 98 Cal. 143, 32 Pac. 941; *In re Ogburn's Estate,* 105 Cal. 95, 38 Pac. 498.) The homestead law is remedial and is to be liberally construed in favor of the exemption. (*Vogler v. Montgomery,* 54 Mo. 577; *Quackenbush v. Reed,* 102 Cal. 493, 37 Pac. 755; *Franklin v. Coffee,* 18 Tex. 413, 70 Am. Dec. 292; *Riggs v. Sterling,* 60 Mich. 643, 1 Am. St. Rep. 554, 27 N. W. 705; *Bauchard v. Bourassa,* 57 Mich. 8, 23 N. W. 452; *Campbell v. Adair,* 45 Miss. 178; *Rhodes v. McCormick,* 4 Iowa, 374, 68 Am. Dec. 663; *Horn v. Tufts,* 39 N. H. 483; Waples on Homesteads and Exemptions, 188; *Beaton v. Reid,* 111 Cal. 484, 44 Pac. 167.) The head of a family who occupies one room of his building as a residence does not lose his homestead right by renting out the balance of the building for use as a hotel. (*Gainus v. Cannon,* 42 Ark. 514.)

W. T. Reeves and Thomas F. Terrell, for Respondent.

Unless he, declarant, was personally residing upon the premises at the time of making the declaration, he could not declare a homestead, and the fact that he was so residing upon the premises at the time of making the declaration must be stated in the declaration. (*Boreham v. Byrne,* 83 Cal. 23, 23 Pac. 212.) In all cases, residence on the land is requisite to consummate the claim of homestead. (*Gregg v. Bostwick,* 33 Cal. 220, 91 Am. Dec. 637; *Man v. Ragen,* 35 Cal. 316.) The provisions of the statute prescribing what shall be contained in the declaration of homestead are mandatory, and a compliance with them is essential to the validity of the homestead. (*Ashley v. Olmstead,* 54 Cal. 616; *Ames v. Eldred,* 55 Cal. 136.) While notice and demand for possession of the premises in controversy was given to the defendant, before the bringing of this suit, it was wholly unnecessary. (*Kilburn v. Ritchie,* 2 Cal. 145, 56 Am. Dec. 326; *Joy v. McKay,* 70 Cal. 445, 11 Pac.

763; *Hauxhurst v. Labre,* 38 Cal. 563; *McCarthy v. Yale,* 39 Cal. 585; *Martin v. Spivolo,* 56 Cal. 128.) A building used primarily as a hotel or for other business purposes cannot be regarded as a homestead, though the owner and his wife reside there for the purpose of carrying on the business. (*Laughlin v. Wright,* 63 Cal. 113; *McDowell v. His Creditors,* 103 Cal. 264, 42 Am. St. Rep. 114, 35 Pac. 1031.)

HUSTON, C. J.—This is an action to recover possession of certain real estate situated in Soda Springs, Bannock county, state of Idaho, and to quiet the title thereto in plaintiff. The complaint alleges recovery of a judgment by plaintiff against defendant, execution and sale thereon, and deed to plaintiff, as purchaser, by the sheriff, demand of possession by plaintiff, and refusal by defendant. Defendant answers, admitting the judgment, but alleges that, at the time said deed was executed and delivered by the sheriff, the time for redemption under said sale had not expired, and claims that for that reason said deed is void. No evidence appears to have been offered upon this point. Defendant also avers in his answer, and sets up in a cross-complaint, as to the property described in the complaint, that a long time prior to the rendition of said judgment, to wit, on the seventh day of October, 1889, defendant filed a declaration of homestead upon the real estate described in the complaint; that, at the time of filing said declaration, defendant was the head of a family; that he was residing on the premises therein described, and has continued ever since to reside thereon with his said family; and prays, in his cross-complaint, that said sheriff's deed to plaintiff be declared null and void, and that the same be ordered canceled; that it be decreed that said premises are a homestead; and that defendant be adjudged the owner thereof; for his costs; and for general relief. Upon the trial the defendant offered in evidence the following document:

## "Homestead Statement.

"Know all men by these presents, that I am the head of a family, residing at Soda Springs, Idaho territory, county of Bingham, and on the premises herein described, as follows, to

wit: Lot eight (8) in block twenty-six (26) in said Soda Springs survey, and containing one and one-quarter acres, in S. 12, Tp. 9 S., of R. 41 E., B. M. That said premises above described are of the actual cash value of five thousand dollars. That I claim the above-described property as a homestead, under and by virtue of the laws of the territory of Idaho.

(Signed)        "WILLIAM CLEMENS."

This instrument was duly acknowledged on October 7, 1889, and duly recorded. Plaintiff had judgment in the district court, from which judgment this appeal is taken.

The only question presented by this record for our consideration is, Was the property described in the declaration of homestead, at the time the same was made and recorded, subject to be declared upon as a homestead, under the statutes of Idaho? The district court held that, by reason of said premises being occupied by defendant and his family as a hotel at the time the declaration of homestead was filed, the same was not subject to homestead declaration, and the declaration filed thereon was void and of no effect to exempt said premises from levy and sale on execution. With this conclusion of the district court we cannot agree. The character of the occupancy, or use of the premises claimed as a homestead, so long as the same is occupied by the declarant as a residence and home for himself and his family, is immaterial, under the statutes of this state. The only limitations prescribed by the statutes of this state to the acquisition of homestead rights are residence and value. There is no distinction in our statutes, as there is in many of the states, between real estate located in a town, city, or village, and land used and occupied as a farm. There is no limitation in our statutes upon the amount of land that may be included in a homestead, so long as it is occupied as a residence, and does not exceed in value the limitations prescribed by the statute. If other limitations are deemed requisite, they must be fixed by the legislature, and not by the courts. The declaration of homestead in this case fully complies with the requirements of the statute. A liberal construction as to occupancy of homestead seems to be the rule recognized in most of the states, even where the restrictions are far less latitudinous than they

are in this state.    (*Heathman v. Holmes,* 94 Cal. 291, 29 Pac. 404; *Gaylord v. Place,* 98 Cal. 472, 33 Pac. 484; *Gainus v. Cannon,* 42 Ark. 514; *Kelly v. Baker,* 10 Minn. 154 (Gil. 124); *Umland v. Holcombe,* 26 Minn. 286, 3 N. W. 341; *Lazell v. Lazell,* 8 Allen, 575; *Binzel v. Grogan,* 67 Wis. 147, 29 N. W. 895.)    The judgment of the district court is reversed, with costs to appellants. The district court is directed to enter judgment in favor of defendant Clemens, as prayed in his cross-complaint.

Sullivan, J., on account of sickness, was not present at the hearing.

Quarles, J., concurs.