BARKUME v. PHELPS, BRACE & CO.

1. EQUITY—DECREE—FILING OPINION—JURISDICTION—REVIEW.
   Whether the chancery court lost jurisdiction by failing to file its decree within six months of the final submission of the cause, as provided by section 558, 1 Comp. Laws, cannot be determined on a record that shows when the testimony was taken and when the decree was filed, but not when the case was argued and submitted.

2. HOMESTEAD—EXEMPTION—EXTENT—CITY LOTS.
   Two city lots, having a combined frontage of 60 feet, occupied by a family dwelling standing one-half on each, the whole property not worth more than the amount allowed as an exemption, may be exempt as a homestead.

Appeal from Wayne; Frazer, J. Submitted October 6, 1905. (Docket No. 19.) Decided October 31, 1905.

Bill by Charles Barkume and Mary Barkume against Phelps, Brace & Company to restrain an execution levy and sale. From a decree for complainants, defendant appeals. Affirmed.

*James H. Pound*, for complainants.

*George B. Greening*, for defendant.

MOORE, C. J. This is a bill filed to remove a levy made upon land claimed as a homestead. From a decree made in accordance with the prayer of the bill, the case is brought here by appeal.

The circuit judge found that the property was of less value than the exemption, and we think he was warranted in so finding from the testimony. The levy was made upon lots 7 and 8 of J. C. D. Williams' subdivision of lot 17 of private claim 30. Mr. Barkume's testimony is in part as follows:

"I live on the land described, 60 feet front on the west side of McKinstry avenue, and have for the last 28 years. There is a two-story frame house on the land. When I moved on this land, it was in Springwells township. The building was built 29 years ago. It has been used by me as my dwelling, for myself and family, ever since being built. I am a married man and have children, seven of them. The house is now in the same place as it always was. The house is built in the center of the piece of land, 11 feet on each lot. The house is 22 feet wide."

This testimony is not contradicted.

The solicitor for defendant raises two questions. First, he claims the court lost jurisdiction because the judge did not decide the case within six months after it was submitted to him, citing a statute which provides that cases in chancery shall be decided within six months after they are submitted. [1 Comp. Laws, § 558.] It is not necessary to construe this statute in this case. The record shows when the testimony was taken and when the decree was rendered, but it does not disclose when the case was argued and submitted.[1]

The second question is stated by counsel as follows: "Are the complainants entitled to an exemption of two lots within the corporate limits of the city of Detroit?" We think the question is answered by *King* v. *Welborn*, 83 Mich. 195 (9 L. R. A. 803).

The decree is affirmed, with costs.

McAlvay, Grant, Montgomery, and Hooker, JJ., concurred.

---

[1] See *Hoste* v. *Dalton*, 137 Mich. 522.—Reporter.