HOLLEY *v.* HORTON.

1. HOMESTEAD—EXEMPTIONS—PURCHASE PRICE.
   The provisions of section 2, Art. 16, Const. 1850, and of section 2, Art. 14, Const. 1909, with the statute (3 Comp. Laws, § 10362), creating the homestead exemption, limit the amount of land to forty acres, and cannot be construed to exempt the entire purchase price of a parcel, claimed to constitute a homestead, consisting of forty-one acres of land; and the additional one forty-first portion of such purchase price may be levied upon in garnishment proceedings against the vendee by a creditor of the homestead owner, who has sold the property on a land contract.

2. SAME—WAIVER—SELECTION—STATUTES.
   And it is a sufficient and timely selection of the homestead right, where the owner, who had conveyed the premises by land contract, filed a bill of complaint to enjoin the proceedings at law, and claiming her homestead, at the first opportunity after learning that the unpaid purchase price had been garnished.

3. SAME—SELECTION.
   The owner of real estate including a homestead is not obliged to select the exemption until the officer who levies on the land makes and presents an appraisal.

Appeal from Livingston; Miner, J. Submitted November 14, 1910. (Docket No. 165.) Decided December 22, 1910.

Bill by Ella Holley against John F. Redinger and William Horton to enjoin garnishment proceedings and have her rights of exemption determined. From a decree for complainant, defendant appeals. Modified and affirmed.

*Louis E. Howlett*, for complainant.

*Shields & Shields*, for defendant Horton.

BIRD, C. J. Complainant is a resident of Livingston

county and filed her bill of complaint in the circuit court for that county to enjoin certain proceedings at law, and to have declared exempt certain premises as her homestead.

The complainant was the owner of 41 acres of land in the township of Iosco, Livingston county. There was a' mortgage on it of $550. She and her husband occupied it as a homestead. Neither complainant nor her husband was the owner of any other real estate. The complainant, being desirous of freeing herself from debt, made a contract with defendant Redinger for the sale to him of the premises, subject to the mortgage, for $1,450, $100 to be paid down and the balance to be payable October 1, 1909. Prior to the making of this contract defendant Horton had obtained a judgment against complainant for $120 in justice's court. Subsequent to the making of the contract he garnished the defendant Redinger, seeking to satisfy his judgment out of the balance due complainant from the sale of the premises. At this juncture of affairs complainant filed her bill of complaint to stay the proceedings at law and to have the premises declared exempt as a homestead, and the proceeds thereof exempt from legal process. The pleadings were perfected and a hearing had, and the trial court found that the premises were exempt as a homestead, that the purchase price thereof was likewise exempt from legal process, and that she had not waived her exemption. From this decree, the defendant Horton appeals.

It is claimed by defendants that the trial court was wrong in holding that the premises constituted a homestead, for the reason that its acreage was in excess of that permitted by the Constitution and statute of the State, and that if it were a homestead she had waived her homestead rights by her failure to make a selection.

The Constitution provides that:

"Every homestead of not exceeding forty acres of land and the dwelling house thereon, and the appurtenances to be selected by the owner thereof, and not included in any

town plat, city or village,   *   *   *   shall be exempt from forced sale on execution or any other final process from a court." Section 2, art. 16.[1]

The statutory provision provides that:

"A homestead consisting of any quantity of land not exceeding forty acres and the dwelling house thereon and its appurtenances, to be selected by the owner thereof, and not included in any recorded town plat or city or village, * * * shall not be subject to forced sale on execution, or any other final process from a court for any debt or debts growing out of or founded upon contract either express or implied." 3 Comp. Laws, § 10362.

The language of both the Constitution and statute, as to the quantity of land that may be exempted, is susceptible of but one construction. The limitation is clear. There is no room for any refinement in construing it. It means just what it says, "not to exceed 40 acres." If we can say 41 acres may be exempted under this language, why not 46 or 50 acres? Complainant's counsel argues that if this provision is construed as liberally as the one exempting a lot in a village or city, that the exemption can be made to include the 41 acres. The difference in construction is explained by the difference in the language creating the exemptions. The language of one provision is, "not exceeding 40 acres;" in the other, "a quantity of land not exceeding in amount one lot." An acre of land is a definite and fixed quantity, always the same, whereas the word "lot" is more or less indefinite as to quantity. It may be a large lot or a small lot, but there is no such thing as a large or small acre. A certain quantity of land may be one lot today and two lots tomorrow. This uncertainty as to how much land constitutes a lot has undoubtedly given rise to the liberal construction in *King* v. *Welborn*, 83 Mich. 195 (47 N. W. 106, 9 L. R. A. 803), and other cases cited by counsel. The constitutional provision, which differs somewhat from the statu-

[1] Const. of 1850. For similar provision in new Constitution, see section 2, Art. 14, Const. 1909.

164 MICH.—3.

tory one, also justifies the construction given in these cases. We cannot construe this exemption so as to include the 41 acres without doing violence to plain, unambiguous language. We are of the opinion that $\frac{40}{41}$ of the premises were exempt as a homestead, and as the homestead has been converted into a fund now in court by stipulation, it follows that $\frac{40}{41}$ of the fund are exempt from legal process.

It is also insisted that plaintiff has waived her exemption by a failure to claim it: We cannot agree with counsel in this contention. If the land had been levied upon while she owned it, she would not have been obliged to make a selection of her homestead until an appraisal was made and presented to her by the officer making the levy. *Riggs* v. *Sterling*, 60 Mich. 643 (27 N. W. 705, 1 Am. St. Rep. 554). As soon as the proceeds of the sale were attacked, she filed this bill claiming her homestead rights. We do not see how she could have claimed her exemption sooner. She claimed it at the first opportunity she had after she knew that defendant Horton was taking steps to subject the proceeds of her home to the payment of his claim.

The decree will be modified, as herein indicated, and affirmed, with costs to the defendant.

McALVAY, BROOKE, BLAIR, and STONE, JJ., concurred.