### In re ROBISON et ux.

(District Court, W. D. Washington, N. D. July 2, 1914.)

#### No. 5249.

1. BANKRUPTCY (§ 396*)—EXEMPTIONS—HOMESTEAD—HOTEL BUILDING.

    Rem. & Bal. Code Wash. § 552, provides that homesteads may be selected and claimed exempt in lands and tenements, with the improvements thereon, not exceeding $2,000 in value, but that the premises must be actually intended and used for a home for the claimants, and shall not be devoted "exclusively" to any other purpose. *Held*, that where the bankrupts used the proceeds of a former homestead to purchase certain real estate improved with a building containing 24 bedrooms and a restaurant conducted by a third person, the whole used as a hotel, and the bankrupts kept five rooms for the use of their family as a home, the premises were not devoted exclusively to a purpose other than homestead, and hence the bankrupt was entitled to an exemption of $2,000 of the value thereof.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 659–668; Dec. Dig. § 396.*]

2. BANKRUPTCY (§ 396*)—EXEMPTIONS—"OTHER FURNITURE."

    Rem. & Bal. Code Wash. § 563, par. 3, exempts to each householder one bed and bedding, and one additional bed and bedding for each additional member of the family, and "other household goods, utensils and furniture" not exceeding $500 in value. *Held*, that "other furniture" as used in such section meant furniture other than beds and bedding.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 659–668; Dec. Dig. § 396.*]

In Bankruptcy. In the matter of bankruptcy proceedings of Milford H. Robison and wife. On application to review a referee's or-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

der allowing and denying exemptions. Claim of bankrupts as to homestead, allowed, and claim for additional beds, etc., denied.

S. A. Keenan, of Seattle, Wash., for bankrupts.
McClure & McClure, of Seattle, Wash., for trustee.

NETERER, District Judge. This case is for review of an order of the referee in allowing and denying exemptions. The bankrupts are husband and wife, and have two children. They were the owners of a lot in Port Orchard, upon which stands a three-story building. There are 24 bedrooms in the building, about equally divided between the second and third stories. On the first floor is a restaurant, conducted by a third party by permission of the owners, without any charge for conducting the same, to accommodate the inmates of the building and others. The property was acquired from funds received from the sale of a homestead by the bankrupts. A homestead declaration has been filed in the auditor's office of the county in which the property is situated, under the laws of the state of Washington, claiming the property as a homestead. The bankrupts and their family occupy the premises as their home. Five rooms are thus used by the family. The other part of the building, except that part occupied by the family, is used for hotel purposes. The rooms in the building are all furnished. The real estate hotel property is scheduled as worth $2,833. The personal property is scheduled at $500, but appraised by appraisers appointed by the referee at $700. In the original schedule the personal property was not itemized, and an amended schedule was filed by permission of the referee, itemizing all of the personal property, and claiming it all as exempt. The personal property is made up of furnishings, consisting of sets of one bed, carpet, washstand, dresser, and two common chairs for each of 19 rooms, seven beds and mattresses, a stove, one bed lounge, and furnishings for one room, and other property of like character. The referee set over the real estate as exempt, but declined to set over the personal property. The trustee and the bankrupts each filed a petition for review.

The issues to be determined are: (A) Is real estate occupied by the family, the remaining portion used as a hotel, exempt? (B) Is the personal property exempt?

[1] Remington & Ballinger's Code of the state of Washington, § 552, provides:

"Homesteads may be selected and claimed in lands and tenements with the improvements thereon, not exceeding in value the sum of $2000.00. The premises thus included in the homestead must be actually intended and used for a home for the claimants, and shall not be devoted exclusively to any other purpose."

The controlling language in this section which is applicable to this case is contained in the words:

"Actually intended and used for a home for the claimants, and shall not be devoted exclusively to any other purposes."

It does not require any argument to show that the property is not devoted *exclusively* to any other purpose; it being occupied by the

family as a home as fully and as completely as it could be if the remaining portion of the premises were not used for the accommodation of the public. It further appears that the property was purchased from funds derived from the sale of the homestead. The fund which went into the property, therefore, had a special relation—it was a special fund, protected for the benefit of the family from assault by creditors. Upon the purchase of the premises the family began to occupy and has continued to occupy the premises as a home. A declaration was filed under the laws of the state of Washington, declaring the same to be and claiming it as a homestead. Thus every act was done that could be done to appropriate the property and to devote it to the purposes designated by this section of the statute.

It is contended that the greater portion of the property, being devoted to hotel purposes, should be controlling in determining the homestead rights. Such cannot be the construction intended to be placed upon the statute by the Legislature. The exemption created by this act does not limit it in area, but the limitation is placed on value. Hence the controlling feature of this section with relation to the amount or extent must be the value when the other parts of the section, so far as occupancy is concerned and the uses to which the property is devoted, is fulfilled.

The Supreme Court of the state of Washington, in Morse v. Morris, 57 Wash. 43, 106 Pac. 468, 135 Am. St. Rep. 968, says:

"We must look to the spirit and intent, as well as the words, of the statute. Homesteads are generally allowed either as a certain area, or as of a certain limited value. With the first we have no concern; for not only does our statute ignore that theory, but expressly provides that the home shall be exempt to the value of $2,000. The underlying principle is the use to which the property is put, and if it is actually put to a use consistent with the ordinary domestic affairs of the household, and taken together does not exceed in value $2,000, there can be no justification in law or reason for denying to it that character which the Legislature intended."

The California statute is not unlike the Washington statute, and provides, in substance, that the homestead, consisting of a quantity of land and a dwelling house thereon and its appurtenances, not exceeding in value the sum of $5,000 shall be exempt.

In McKay v. Gesford, 163 Cal. 243, 124 Pac. 1016, 41 L. R. A. (N. S.) 303, Ann. Cas. 1913E, 1253, the Supreme Court reversed the lower court and held exempt property used for hotel purposes. The court said:

"Under the rule of liberal construction which it has been repeatedly declared should be extended to homestead laws, in every permissible case where the premises are the bona fide home of the parties, it should be held that the business conducted within the premises is not the paramount and principal purpose; * * * that the home is the main thing not the business; that the business is conducted to enable the parties to maintain a home and not that the parties are incidentally inhabiting the premises for the purpose of maintaining the business."

The Supreme Court of Michigan, in King v. Welborn, 83 Mich. 195, 47 N. W. 106, 9 L. R. A. 803, uses this language:

"But it is insisted that this building was occupied by petitioner and his family for the sole purpose of conducting a hotel, and that therefore no home-

stead right attached. We cannot agree with this contention. The adoption of this doctrine would be in plain defiance of the statute, and render it nugatory as to those engaged in the business of hotel keeping. The benefits of this statute are to be secured to all owners of land which they occupy with their families, and who have no other home. There is no intent apparent anywhere to exclude the families of hotel keepers from the benefits of the act."

To same effect, see Lamont v. Le Fevre, 96 Mich. 176, 55 N. W. 687; and Binzel v. Grogan, 67 Wis. 147, 29 N. W. 895.

The Supreme Court of Idaho, in Kiesel v. Clemens, 6 Idaho, 444, 56 Pac. 84, 96 Am. St. Rep. 278, says:

"There is no limitation in our statutes of Idaho on the amount of land that may be included in a homestead, so long as it is occupied as a residence and does not exceed in value the limitations prescribed by the statute."

And that:

"If other limitations are deemed requisite, they must be fixed by the Legislature, and not by the courts."

The Supreme Court of Iowa, in the case of Cass County Bank v. Weber, 83 Iowa, 63, 48 N. W. 1067, 12 L. R. A. 477, 32 Am. St. Rep. 288, held:

"The portion of property occupied partly as a homestead and partly as a hotel, which was used by them for hotel purposes and by the family of the proprietor, was not divested of its homestead character so as to be liable to execution, since the entertainment of hotel guests and boarders is not necessarily inconsistent with the occupation at the same time by the family of the apartments as part of the home."

The homestead statutes of Washington must control, and exemption statutes are liberally construed.

[2] Section 563, paragraph 3, of Remington & Ballinger's Statutes of Washington, exempts:

"To each householder, one bed and bedding, and one addition[al] bed and bedding for each additional member of the family, and other household goods, utensils and furniture not exceeding $500.00, coin, in value."

The scope of this section must depend upon the construction placed upon the words, "other household goods, utensils and furniture." It does not provide for additional household goods, etc., but *other furniture*. The bankrupts would read that "*other*, etc., furniture," "*additional*, etc., furniture."

The statute names specific personal property, "One bed and bedding, and one additional bed and bedding for each additional member of the family," as exempt, and gives to the debtor the right to select from his *other* household goods and utensils and furniture. This provision is definite and specific, and does not need interpretation. The particular articles of property exempt, being named, excludes additional property of the same class. "Expressio unius exclusio alterius" applies with cogent effect. Arthur v. Cumming, 91 U. S. 362, 23 L. Ed. 438; American Wellworks v. Rivers (C. C.) 36 Fed. 880; Johnson v. Southern Pac. Co., 117 Fed. 466, 54 C. C. A. 508.

The purpose of the statute is manifest. The Legislature knew that the householder should have one bed and bedding and an additional bed and bedding for each additional member of his family, for the

comfort of the home. It also knew that the home required more goods, utensils, and furniture, but believed that the householder could better designate the necessities of the dining room, the kitchen, and other necessary furniture, and delegated the further selection to the head of the family, but limited the amount in value. The household goods may consist of many articles of necessity, and these articles might vary in the minds of different individuals. The home is the paramount consideration. Hence the discretion was given to the debtor to make the additional selection.

A court cannot say, in view of the express provisions of the statute setting aside one bed to each member of the household, that 30 beds should be set aside, or that 7 stoves are necessary.

The bankrupt in this case is entitled to a homestead to the value of $2,000 and, to four beds and bedding, and to other household goods, utensils, and furniture not exceeding $500 in value; but, in the selection of this additional property, no other beds are to be included. It appearing that the property is scheduled at $2,833, it is ordered that this matter be referred to the referee, with instructions that if more than $2,000 can be obtained for the property, that $2,000 be paid to the bankrupts, and the overplus to the trustee, and if it cannot be sold for more than $2,000, it be set over to the bankrupts, and that there be set aside to the bankrupts four beds and bedding, and other household goods, utensils, and furniture not to exceed $500 in value, as indicated in this opinion.