LA LONDE *v.* BLOOM.

HOMESTEADS—ALIENATION BY HUSBAND VOID WITHOUT ASSENT OF
     WIFE IN WRITING—CONSTITUTIONAL LAW.
     A contract whereby a father agreed that the homestead
     should go to a son at the death of the survivor of himself
     and wife, where not assented to by the wife in writing,
     is void under Art. 14, § 2, of the Constitution.

Appeal from Bay; Houghton (Samuel G.), J.    Submitted April 4, 1922.    (Docket No. 2.)    Decided June 5, 1922.

Bill by John LaLonde and another against Antoinette Bloom for the specific performance of a land contract.    From the decree rendered, all parties appeal.    Reversed, and bill dismissed.

*Dudley J. Kavanagh,* for plaintiffs.

*Coumans & Gaffney,* for defendant.

On power of husband to create easement in homestead without wife's consent, see note in 27 L. R. A. (N. S.) 963.

On power of legislature to take away husband's right to convey or encumber homestead property, see note in 36 L. R. A. (N. S.) 1029.

MOORE, J. This is a bill of complaint filed February 25, 1921, for specific performance. John LaLonde is the son of the defendant. Lea LaLonde is the wife of John.

The chancellor made a decree reading in part as follows:

"It appears to the court by such pleadings and proofs that some such agreement as mentioned in the bill of complaint in this cause made by and between said plaintiffs and Julian LaLonde, deceased, and the defendant on or about the 24th day of June, 1902, whereby deceased and defendant agreed that title to the land and premises described as * * * containing five acres of land, more or less, was to pass to plaintiff John LaLonde at the death of the survivor of Julian LaLonde and defendant, and that plaintiffs in consideration thereof were to live with deceased and defendant and work said described land and other land belonging to deceased and defendant. * * *

"Now therefore in consideration thereof, it is; ordered, adjudged and decreed and this court doth hereby order, adjudge and decree that the title in and to said real estate remain *in statu quo* till the death of said defendant and that in the meantime the said plaintiffs continue to perform their part of such agreement till the death of defendant in so far as they may not be prevented from so doing by the defendant."

Both parties have appealed.

The counsel for the defendant contend there are two legal questions involved:

"(1) Was John LaLonde a competent witness to prove the claimed agreement with Julian LaLonde, or in other words, is such testimony prohibited by section 12553, 3 Comp. Laws 1915?

"(2) Inasmuch as it is undisputed that the premises described in the bill of complaint were the homestead of defendant, any agreement made by Julian LaLonde during his lifetime was void, because of the failure of Antoinette LaLonde to join therein in writing as required by the provisions of section 2, article 14 of the Michigan Constitution."

In the reply brief for the plaintiffs counsel says:

"Plaintiffs desire the relief prayed for in their bill of complaint, viz.:

"That the court decree defendant to be the owner of a life estate in the real estate described in the bill of complaint, and the plaintiffs the owners of the remainder in fee therein.

"If defendant's contention that the contract was void because it lacked the wife's signature and it concerned the homestead, must prevail, then the plaintiffs respectfully pray that a decree be entered allowing them compensation for services and improvements and giving them a lien on the real estate in question for such allowances over and above the homestead exemption." Citing *Fleming* v. *Fleming,* 202 Mich. 615, and *Klett* v. *Klett,* 175 Mich. 224.

There is no averment in the bill of complaint that the five acres mentioned exceed the value of the homestead exemption as fixed by the Constitution.

Section 2, article 14, of the present Constitution of Michigan, reads in part as follows:

"Such exemption shall not extend to any mortgage thereon lawfully obtained, but such mortgage or other alienation of such land by the owner thereof, if a married man, shall not be valid without the signature of his wife to the same."

This provision of the Constitution has been construed by this court many times. Some of the cases are cited in the notes to the constitutional provisions found in 1 Comp. Laws 1915 at pages 190 and 248. It has been repeatedly held that the homestead could not be alienated without the written assent of the wife. See *Township of Jasper* v. *Martin,* 161 Mich. 336 (137 Am. St. Rep. 508); *Holley* v. *Horton,* 164 Mich. 31; *Way* v. *Root,* 174 Mich. 425; *Klett* v. *Klett,* 175 Mich. 224; *Agar* v. *Streeter,* 183 Mich. 600 (L. R. A. 1915D, 196, Ann. Cas. 1916E, 518); and we think it must be so held in the instant case. It is

unnecessary to pass upon the other questions suggested by counsel.

A decree may be entered dismissing the bill of complaint, without prejudice, with costs to the defendant.

FELLOWS, C. J., and WIEST, MCDONALD, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred.

