Argued March 6; affirmed July 1, 1930

COBBS-MITCHELL CO ET AL. *v.* McMAHAN ET AL.

(289 P. 495)

*Guy O. Smith* of Salem (W. C. Winslow of Salem, on the brief) for appellant.

*James W. Mott* and *Custer E. Ross,* both of Salem, for respondents.

McBRIDE, J. This is a suit in equity arising out of the following facts: The appealing plaintiff Cobbs-Mitchell company is a corporation and the defendant L. H. McMahan is one of the circuit judges of the district which embraces Marion county, and the defendant Willetta May Mott is the widow of Dr. W. S. Mott, deceased, and James W. Mott is her attorney. The appealing plaintiff on the 28th day of May, 1915, recovered a judgment against W. S. Mott, since

deceased, in the sum of $583.89, which has not been paid. On the 17th day of June, 1919, a decree was entered in said court in favor of the Oregon Holding company foreclosing a mortgage theretofore executed by W. S. Mott and his wife, Willetta May Mott, upon certain property situated in Marion county, Polk county and Harney county, and directing the sale of the tracts mentioned in the decree, or so much of them as should be deemed necessary to satisfy said mortgage and costs. A judgment lien of the Falls City-Salem Lumber company was adjudged to be prior to the mortgage lien of the Oregon Holding company as to certain of said property, and it was directed that out of the proceeds of said sale that the moneys received from the sale of said property should be first applied to the payment of said judgment lien and the remainder applied on the amount due on the mortgage of the Oregon Holding ·company.

Among the tracts, which the decree directed to be sold, was lot 7 in block 28 of the city of Salem, the residence of W. S. Mott and his wife. The sale took place after Dr. Mott's death and enough was realized to pay in full the claim of the Oregon Holding company and the judgment lien of the Falls City-Salem Lumber company leaving a balance of over approximately $3,000, upon which Mrs. Mott filed a claim of homestead on the surplus proceeds which the sheriff had turned over to the clerk. Whether the claim was filed immediately before the money was turned over, or afterwards, does not appear, and is not material. At any rate, before the money was turned over to Mrs. Mott, the plaintiff and his coplaintiffs issued execution on their judgments and garnisheed the money in the hands of the clerk, claiming the right to have it applied to the satisfaction of their judgments.

The complaint, which omits to specify dates, alleges that thereafter the circuit court, without notice to plaintiff, made an order directing the clerk to turn the money held by him over to defendant Willetta May Mott; that the clerk will do so unless restrained and thereby the plaintiffs, who rely upon said fund, will be irreparably injured and damaged; that Willetta May Mott is insolvent, and that if said money is turned over to said defendant, plaintiffs will be unable to recover the same even though judgment might be obtained therefor.

Thereupon, plaintiffs obtained an order from the county judge enjoining defendants McMahan and Mott from making any further motions or orders in the matter, and the defendant Boyer from paying the same over to Mrs. Mott. Subsequently, it probably appearing to the county judge that it was a somewhat novel procedure for the county judge to enjoin the circuit judge from making orders in his own court, the order was amended by striking out the name of Judge McMahan wherever it occurred in the original order and the defendants appearing by demurrer to the complaint, the cause was heard before Judge J. U. Campbell, who rendered the following opinion:

"The complaint of plaintiff is that they had no opportunity to litigate whether the homestead claim of Mrs. Mott was or was not valid.

"In my judgment that is a matter to be adjusted at the time the homestead is claimed. The practice, although not specially provided for by the code, in all of the courts has been when such a claim is made to the sheriff he notifies plaintiff in execution who thereupon comes into court on motion in that particular case and has it passed upon by the court.

"In this case it appears that this very matter was so disposed of. If the decision was erroneous it should be appealed from, and I see no reason for entertaining an original suit.

"There is nothing in the contention that the order allowing the homestead was a modification of the original decree under which the property was sold. The original decree determined the priorities of the liens involved and litigated in that suit, but did not attempt to determine rights of homestead which might or might not be claimed and could not arise until claim was made.

"Every judgment or decree provides for execution and sale of property and the proceeds thereof is to be applied in satisfaction of such judgment or decree. The execution, however, is powerless to reach or convert property exempt from execution when such exemption is claimed. No court may or can adjudicate matters not properly before it, nor anticipate or determine claims that may arise thereafter. Nor did the original decree attempt to do so. It very properly passed upon the issues raised by the pleadings then before it.

"For these, and other reasons, which would serve no useful purpose to cite, the demurrer will be sustained and the injunction dissolved."

 From an order dismissing the case and dissolving the injunction, the plaintiff Cobbs-Mitchell company, appeals, but, as appears from a motion on file, the clerk, prior to the service of the notice of appeal and after the injunction had been dissolved, paid the money over to Mrs. Mott. In this he was justified. It is not for a clerk to pass upon the legality of the orders of the courts of which he is clerk. If the order is regular upon its face, it is his duty to obey it, if it comes from a court of general jurisdiction. After Judge McMahan had made the order and Judge Campbell had, by a judgment, declared it valid, the clerk had no other alternative than to pay over the money, and the money being so paid, there is nothing left in this case but the mere academic question as to whether the order by

Judge McMahan was regular or irregular. We do not believe it was void in any event. The court had jurisdiction of the subject matter and of the parties. As pointed out by Judge Campbell, the usual course is for the sheriff to notify the parties and for the execution creditor to bring the same to the attention of the court, and the presumption is that he performed that duty. The sheriff is *sub modo* the agent of the execution creditor, and, in matters of this character, notice of the claim to the sheriff is notice to the creditor, and it is then his duty to move in the matter: Crocker on Sheriffs (3d Ed.), § 412, et seq.

For these reasons, as well as for the reasons stated in the opinion of Judge Campbell, the appeal will be dismissed and the judgment of the court below affirmed.

Coshow, C. J., Rand and Rossman, JJ., concur.