Argued March 28; affirmed April 18, 1933

In re Baker's Estate
MOODY et al. *v.* BAKER
(20 P. (2d) 1069)

*Loyal H. McCarthy,* of Portland, for appellants.

*L. J. Decker,* of Portland (Bannon & Decker, of Portland, on the brief) for respondent.

BELT, J. This is an appeal from an order setting aside to the defendant a homestead right in an apartment house in the city of Portland.

Bertha I. Baker died testate on August 23, 1931, and left her husband surviving her as sole heir. Baker renounced the will and elected to exercise his right to claim a homestead exemption.

There are but two questions involved in this appeal: (1) Was the defendant, as a matter of law, entitled to have a homestead carved out of this character of property and set aside to him to the value of $3,000? (2) Is it established by the preponderance of the evidence that this apartment house was the actual abode and home of the defendant?

Bertha I. Baker and the defendant, Joseph W. Baker, were married in 1908 and lived together continuously as husband and wife until the death of the wife. For many years they lived in the apartment house in question. This was a three-story building having an appraised value of $17,500. It contained 14 small apartments and one six-room apartment in which Mrs. Baker and her husband lived at the time of her decease. There is nothing in the nature or character of the building that would preclude the defendant from exercising his right to have a homestead set aside to him. The mere fact that part of the building was used for a business purpose would not be inconsistent with the right of homestead. The vital question is: Was such apartment house the bona fide home of the defendant and his wife? In view of the liberal construction placed on the homestead laws, this court is not inclined to the

view taken in a few jurisdictions that the business character and use of the property excludes any right of homestead, even though such property was also used as a bona fide home: *Turner v. Turner,* 107 Ala. 465 (18 So. 210, 54 Am. St. Rep. 110). In 29 C. J. 808, it is said:

"While there is some authority to the contrary, according to the weight of authority, premises which are used by the owner for the purpose of a hotel, or lodging house, are exempt as his homestead where he also resides there with his family".

The rule is thus stated in *Heathman v. Holmes,* 94 Cal. 291 (29 P. 404), and quoted with approval in *Estate of Levy,* 141 Cal. 646 (75 P. 301, 99 Am. St. Rep. 92):

" * * * using a building partly, or even chiefly, for business purposes, or renting part of it, is not inconsistent with the right of homestead, provided it is, and continues to be, the bona fide residence of the family".

In support of the majority rule also see: *King v. Welborn,* 83 Mich. 195 (47 N. W. 106, 9 L. R. A. 803); *Kiesel v. Clemens,* 6 Idaho 444 (56 P. 84, 95 Am. St. Rep. 278); *De Ford v. Painter,* 3 Okl. 80 (41 P. 96, 30 L. R. A. 722); *Postal Savings & Loan Association v. Powell,* (Tex.) 47 S. W. (2d) 343.

It is suggested that, if a homestead exemption of the value of $3,000 be carved out of this property, such could be accomplished only by a sale and that, as a result, the defendant would not be afforded a homestead which the statute contemplates. It is observed that under section 3-201, Oregon Code 1930, the homestead right shall not be impaired by the sale of the property, "but shall extend to the proceeds derived from such sale to an amount not exceeding three thousand dollars ($3,000), while held, with the intention

to procure another homestead therewith, for a period not exceeding one year''. For a construction of the above section see *De Haven & Son Hardware Co. v. Schultz*, 122 Or. 493 (259 P. 778), wherein the court in speaking of the effect of a sale said: ''Indeed, under the statute, he could have actually sold the property and kept the proceeds exempt from execution for a period of one year if it was his intention to invest the same in a home''.

■ It is also urged that setting aside of a homestead right is a matter resting within the sound discretion of the trial court and that, under the facts of this case, it was an abuse of discretion to compel a forced sale of this property. We see no merit in this contention. Under the plain, mandatory provisions of section 11-402, Oregon Code 1930, it was the duty of the court, upon the filing of the inventory, to make the order setting aside for the widower all of the property exempt from execution. The defendant is entitled to a home even though the country be suffering under economic depression.

■ Appellant stresses the contention that the defendant did not occupy or use the apartment house in Portland as his bona fide home but that to all intents and purposes he lived on an 80-acre farm in Clatsop county. It would serve no good purpose to review in detail the evidence relative to this issue. An examination of the record convinces us, as it did the trial court, that the defendant husband did not intend to abandon his home at Portland and that his temporary absence on the farm for the purpose of improving his health is not inconsistent with his right of homestead.

It follows that the order of the lower court setting aside a homestead for the defendant is affirmed.

RAND, C. J., ROSSMAN and KELLY, JJ., concur.