Argued June 26; affirmed July 17; rehearing denied
September 11, 1934

## KALLER *v.* SPADY ᴇᴛ ᴀʟ.
(34 P. (2d) 663)

L. E. *Schmitt,* of Portland (Francis F. Yunker, of
Portland, on the brief), for appellant.

*Wilmot K. Royal,* of Portland, for respondents.

BELT, J. The precise question presented on this
appeal is whether a judgment debtor who, having been
divorced, is a single and unmarried man is entitled to
claim a homestead exempt from execution. The defend-
ant has owned the property in question and occupied
the same continuously as his abode since 1908. He was
divorced in 1912. Execution was levied upon his home
to satisfy a judgment obtained in 1933. It is admitted

that the property does not exceed the sum of $3,000 in value. Section 3-201, Oregon Code 1930, provides: "* * * The homestead must be the actual abode of and occupied by the owner, his or her spouse, parent or child, * * *."

The plaintiff appellant, who is the judgment creditor, asserts that the above section should be construed to mean "that the homestead is exempt to the owner, if he has living with him at the time, a husband or wife, parent or child, so that any one of these persons designated, to whom he is legally or morally bound for support and maintenance, would constitute a family".

We do not so read the statute. Unquestionably the defendant prior to divorce would have the right to claim a homestead exemption. Does he lose such right by reason of the fact that his family relationship has been terminated as a result of the divorce? We think not. It is still his home and the place of his abode. Death also terminates the family relationship, but the widow or widower is not thus deprived of the right to claim a homestead exemption: *Moody v. Baker,* 142 Or. 559 (20 P. (2d) 1069); *Cobbs-Mitchell Co. v. McMahan,* 133 Or. 191 (289 P. 495); *DeHaven & Son Hdw. Co. v. Schultz,* 122 Or. 493 (259 P. 778). As stated in 13 R. C. L. 671:

"Where a wife, after the death of her husband, continues to reside on the family homestead, although she is its sole occupant, it is exempt against her own creditors as well as against the creditors of her husband's estate, * * * irrespective of the time the indebtedness was incurred, and without regard to which spouse held the legal title during their married life."

The words of the statute are plain, definite, and unambiguous. There is no need for construction or interpretation. We do not read that the "owner" must be

the head of a family as counsel for appellant contend. The defendant is entitled to have a home and to be protected from urgent creditors even though his family ties have been severed by divorce.

The decree of the lower court that the property in question is the homestead of the defendant Spady and is exempt from execution is affirmed.

RAND, C. J., and ROSSMAN and KELLY, JJ., concur.