[No. 25382. Department Two. October 30, 1934.]

THE STATE OF WASHINGTON, *on the Relation of Arthur C. Van Doren et al., Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY, HONORABLE JAMES B. KINNE, *as Judge thereof, Respondent.*[1]

*Edwards E. Merges,* for relators.
*Henry Gulliksen,* for respondent.

MITCHELL, J.—Arthur C. Van Doren and his wife, on March 9, 1929, were, and thereafter continued to be, the owners of an apartment house, and the land upon which it is situate, in Seattle. The house is several stories high, and has thirty-five apartments. Upon acquiring the property, they mortgaged it to August Johnson and his wife.

Van Doren and wife, at all times since the purchase

[1]Reported in 37 P. (2d) 215.

of the property, have occupied apartment No. 1 in the building as a family residence. The apartment is on the ground floor immediately at the main entrance way to the building, ingress to and egress from which may be, and is, had without going through any of the other apartments. The other apartments are, and have been, rented from time to time to various tenants. The owner of the mortgage brought an action to foreclose it, in which action a decree was entered June 14, 1934. Pursuant to an order of sale, the sheriff sold the property to the judgment creditor.

In due time, on July 14, 1934, *before the sheriff's sale,* Arthur C. Van Doren and his wife filed and had recorded in the county auditor's office their duly acknowledged declaration of homestead, dated July 7, 1934, on apartment No. 1, declaring that its value was not in excess of two thousand dollars. Van Doren and his wife refused to deliver possession of the apartment to the purchaser at the sheriff's sale, whereupon a writ of assistance was sought to dispossess them. Upon the hearing of the application, an order was entered directing a writ to issue to the sheriff to put the purchaser in possession of the apartment. The cause is here at the instance of Van Doren and his wife by certiorari to review the order of the superior court granting the writ of assistance. The purchasers at the sheriff's sale, plaintiffs in the proceeding for the writ of assistance in the superior court, will be further referred to herein as respondents.

Rem. Rev. Stat., § 528 [P. C. § 7860], says:

"The homestead consists of the dwelling house, in which the claimant resides, and the land on which the same is situated, selected at any time before sale, as in this chapter provided, but unless such homestead is selected before or within thirty days after a notice in writing of the entry of a judgment, served in the man-

ner provided by law for the service of summons in civil actions, it shall not be exempt from sale."

Homestead statutes are remedial measures and should be liberally construed. They apply generally to the head of the family, as defined in Rem. Rev. Stat., § 553 [P. C. § 7884], whatever his or her business or calling. There is no limitation or qualification to the effect that the real estate selected shall be of any particular area or description, or located in a city or town or occupied as a farm. The limitations prescribed are residence and value.

No question is raised of the good faith of the appellants in maintaining the apartment as their only family residence at all times since they acquired the property in 1929. The apartment house and the land upon which it is situate greatly exceed in value the amount limited by the statute for a homestead. The apartment occupied as a homestead is a part of the total building, and at the same time, it is an integral part of the land on which the building stands, and does not exceed in value the amount fixed by statute.

The manner in which the apartment is connected with the rest of the building is dwelt upon by the respondents in their opposition to allowing it as a homestead, but, in our opinion, that matter is not involved. The question here relates to the apartment as a dwelling house or residence, as such, together with the land upon which it is situate or that portion of the land applicable to the apartment as an integral part of the whole property.

As said in *Moody v. Baker,* 142 Ore. 559, 20 P. (2d) 1069 (where a statutory three-thousand-dollar homestead of six rooms was allowed in an apartment house containing also fourteen other rooms, of the total value of $17,500):

"The vital question is: Was such apartment house

the *bona fide* home of the defendant and his wife? In view of the liberal construction placed on the homestead laws, this court is not inclined to the view taken in a few jurisdictions that the business character and use of the property excludes any right of homestead, even though such property was also used as a *bona fide* home.''

The cases of *Kiesel v. Clemens,* 6 Idaho 444, 56 Pac. 84, 96 Am. St. 278, and *King v. Welborn,* 83 Mich. 195, 47 N. W. 106, 9 L. R. A. 803, involving or growing out of statutory homesteads in hotel properties, while not like the present case in all respects, are similar in principle and support the general rule of liberality of construction and application of homestead statutes.

Respondents' contention that the judgment of foreclosure precludes appellants from all right of homestead during the period of redemption cannot be sustained. The declaration of homestead was not filed *before* the judgment, but *afterwards,* within thirty days, and before the sheriff's sale. *State ex rel. O'Brien v. Superior Court,* 173 Wash. 679, 24 P. (2d) 117.

Nor is a certain purported declaration of abandonment of homestead by the appellants, introduced in evidence by the respondents, available to defeat the homestead. The declaration of abandonment relied on was executed and filed long prior to the date of the present declaration of homestead.

The order in review is reversed, with directions to the superior court to deny the writ of assistance asked for by the respondents, as to apartment No. 1, only.

BEALS, C. J., HOLCOMB, STEINERT, and BLAKE, JJ., concur.