Taft, J.
In the instant case, it appears that the deficiency judgment of defendant bank had been “rendered * * * upon * * * indebtedness # * secured by a mortgage * * * on real property * * * used in * * * part as a home * * * by the person who executed * * * such mortgage ’ ’; and that, when defendant bank sought in 1950 to enforce the deficiency remaining due on that judgment, more than two years had expired “from the date of the confirmation of” the “judicial sale of such property completed subsequent to the rendition of” the foreclosure judgment. Also it appears that the provisos in the first and second paragraphs of Section 11663-1, General Code, are not applicable.
*514 The question still remains whether the mortgage in the instant case was “on real property * * * upon which * * * there has been located a dwelling or dwellings for not more than two families,” within the meaning of those words as used in the statutory section. The mortgage involved was on real property upon which there had been and still is located a building which had and has on the first- floor two storerooms and on the second floor two suites each consisting of five rooms and a bath.
We do not therefore have, to use the words of the statute, merely “a mortgage * * * on real property * * * upon which * * * there has been located a dwelling or dwellings for not more than two families.” Instead we have “a mortgage * * * on real property * # * upon which * * * there has been located ’ ’ something different, i. e., “dwellings for not more than two families” and in addition thereto two storerooms designed for business use. It is apparent therefore that the judgment involved is not “upon any indebtedness which is secured or evidenced by a mortgage” on the kind of real property described by the statutory section.
We have been referred to cases that indicate that the word “dwelling,” as used in some homestead exemption statutes, may include a building used not only for dwelling purposes but also for business purposes. Corey v. Schuster, Hingston & Co., 44 Neb., 269, 62 N. W., 470; Hawley v. Arnold, 137 Neb., 238, 288 N. W., 823. See Phelps v. Rooney, 9 Wis., 70, 76 Am. Dec., 244; DeFord v. Painter, Sheriff, 3 Okla., 80, 41 P., 96, 30 L. R. A., 722; Olsen v. Lohman, 234 Iowa, 580, 13 N. W. (2d), 332; and Orr v. Shraft, 22 Mich., 260. However, as so aptly stated in the opinion in DeFord v. Painter, supra:
“* * * little satisfaction, certainly, or advantage can be derived from an examination of the decisions coming from states of which we have not the statutes before us, or, having them before us, find them to be dissimilar to our own.”
Our General Assembly, by the words which it used in Section 11663-1, General Code, rather clearly expressed an intention to restrict the application of that statute to real property upon which had been located nothing substantial in addition to “a dwelling or dwellings for not more than two families.” Courts had sometimes held that a dwelling for more than two *515 families might be claimed as a homestead. See for example In re Estate of Levy, 141 Cal., 646, 75 P., 301, 99 Am. St. Rep., 92 (building divided into three flats, each used by separate family, held “dwelling house” within meaning of homestead statute) ; Kiesel v. Clemens, 6 Idaho, 444, 56 P., 84, 96 Am. St. Rep., 278 (hotel held subject to homestead declaration). But see Potter v. Clapp, 203 Ill., 592, 68 N. E., 81, 96 Am. St. Rep., 322, 329. Under the express words of Section 11663-1, General Code, such real property would not come within the real property therein described because it would have located thereon something substantial in addition to “dwellings for not more than two families.”
A holding, that the real property in the instant case could be described by the statutory words “real property * * * upon which * * * there has been located a dwelling or dwellings for not more than two families,” would appear to be unreasonable when compared to other holdings required by those statutory words. For example, if one of the two storerooms had been rented out to a family for its dwelling, then the real property in the instant case could admittedly not be described by those words, although its use would be more for dwelling purposes and less for nondwelling purposes than in the instant case and although the statute can never be relied upon unless there is some dwelling located upon the real property involved.
The words of the General Assembly obviously could not describe real property upon which there are located dwellings for three families because there would then be thereon “dwellings for more than two families.” If therefore there is located upon a particular parcel of real property something substantial in addition to dwellings for more than two families, it should be equally apparent that such parcel of real property would not be described by those words. As stated in paragraph four of the syllabus in Carr v. Home Owners Loan Corp., 148 Ohio St., 533, 76 N. E. (2d), 389:
“Section 11663-1, General Code, represents a special restriction on the general right, to enforce satisfaction of an indebtedness in the usual way and, therefore, should not be extended by implication to deny that right.”
In this statute, having specified the limitation that the *516 real property described therein should have located thereon “a dwelling,” the General Assembly then clearly limited such real property to such as should have located thereon ‘‘ a dwelling or dwellings for not more than two families.” In other words, the General Assembly specifically required the location of at least “a dwelling” on such real property, then clearly provided against having thereon a dwelling or dwellings for more than two families and said nothing about the location thereon of anything else. It would not be reasonable to impute to that General Assembly an intention to describe real property upon which had been located anything substantial in addition to a dwelling or dwellings. To do so would be to extend “by implication” the statutory “restriction on the general right to enforce satisfaction of an indebtedness in the usual way” so as “to deny that right”; and would thus quite definitely appear to be contrary to the above-quoted principle of law which was announced by this court in paragraph four of the syllabus of the Carr case, presumably as a guide for construing this statute.
As said by Zimmerman, J., in the opinion in that case at page 542:
“If the General Assembly by the passage of Section 11663-1, General Code, meant to protect debtors in the situation of the Carrs [in the instant case the plaintiff], the language selected fails to accomplish that purpose.
‘ ‘ The statute in issue, being a special restriction of the general right to enforce contracts in the usual way, should not be so construed as to forbid an action not plainly prohibited by its provisions. In other words, the statute should not be extended and stretched by implication to preclude the assertion of a claim which in the absence of the statute would be enforceable.” (Emphasis added.)
In the instant case, the whole of the first floor of the building involved is designed for use and was apparently used for business purposes. Only the second floor was used for dwelling purposes. Obviously, the first floor had as much useable space as the second floor and was more accessible for use than the second floor. ■ It is apparent therefore that the building was designed and used primarily for business purposes. As stated by Matthias, J., in Montalto v. Yeckley, 138 Ohio St., 314, 321, 34 N. E. (2d), 765;
*517 “* * * it is our judgment, and we so hold, that Section 11663-1, General Code, * * * does not operate to preclude the enforcement of a deficiency judgment rendered for an indebtedness secured by a mortgage upon premises on which is erected a building primarily for business purposes, consisting of a storeroom on the first floor and living quarters for not more than two families on the second and third floors.”
It follows that the judgment so far as it is for plaintiff on the petition must be reversed and final judgment rendered thereon for defendant; and the judgment so far as it is for plaintiff on defendant’s cross-petition must likewise be reversed and the cause remanded for further proceedings thereon in accordance with the law as announced in this opinion.

Judgment accordingly.

Matthias, Hast and Stewart, JJ., concur.
Weygandt, C. J., Zimmerman and Bell, JJ., dissent.